Colm NOLAN, et al., Plaintiffs,

v.

CITY OF YONKERS, et al., Defendants.

No. 92 Civ. 6067 (KMW).

United States District Court,
S.D. New York.

June 4, 1996.

ORDER

KIMBA M. WOOD, District Judge.

In a Report and Recommendation dated June 13, 1995, Magistrate Judge Peck recommended that I deny defendants Joseph Solicito and Michael Lorenzo's motion to dismiss this action. In conformity with *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir.1989), the Magistrate Judge's Report explicitly cautioned that failure to file timely objections could constitute a waiver of those objections. No objections have been received. I therefore accept and adopt the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985) (failure to file timely objections constitutes waiver of objections, and district court review not required). Defendants' motion to dismiss is hereby denied.

SO ORDERED.

*REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge.

**TO THE HONORABLE KIMBA M. WOOD, UNITED STATES DISTRICT JUDGE:**

Plaintiffs in this action sue the City of Yonkers, the Yonkers Police Department, and various Yonkers police officers for alleged brutality and false arrest. Presently before the Court is the motion of defendant police officers Joseph Solicito and Michael Lorenzo to dismiss this action pursuant to Rule 4(m), Fed.R.Civ.P., upon the ground that the Summons and Second Amended Complaint (the "complaint") were not served upon them within 120 days after the filing of the complaint. For the reasons set forth below, I recommend that the Court deny defendants' motion.

*FACTS*

Magistrate Judge Roberts permitted plaintiffs, over defendants' objection, to file this complaint, adding Lorenzo and Solicito as defendants for the first time. (*See* Transcript of 11/24/94 Oral Argument ["Tr."] at 13.) The complaint was filed on November 30, 1994.

Peter J. Neufeld, O'Dwyer & Bernstein, New York City, for Plaintiffs.

Julius W. Cohn, Cerrato Sweeney Cohn Stahl & Viccaro, White Plains, NY, for Defendants.

Service was specifically discussed at the November 24, 1994 conference before Magistrate Judge Roberts. At that conference, plaintiffs' counsel Peter Neufeld noted that "[t]he way the other officers were served in this case is they were not served at their residence. They were served at their precincts where they are employed and it is the Yonkers Police Department's policy to allow the desk sergeant to accept service on behalf of individual police officers. I intend to do that as well" for defendants Solicito and Lorenzo. (Tr. at 42–43.) Defense counsel Julius Cohn responded that "These people are going to be new defendants. They will be served in the normal way, period, end of report. . . . Serve them in the normal way." (Tr. at 43.)

Plaintiffs filed affidavits of service on defendants Lorenzo and Solicito by process server Lloyd Norris, sworn to December 6, 1994. Mr. Norris's affidavit as to service on Solicito states "that on 12/01/94 at 4:56PM at South Broadway Yonkers NY 10705 deponent served the within Sums and Complt [sic]—Police Headquarters on Joseph Solicito 3rd Precinct recipient therein named" by leaving a copy with police officer Carpenter, and that Norris mailed another copy "to South Broadway, Yonkers NY 10705."

Mr. Norris's affidavit of service on defendant Lorenzo places Mr. Norris and officer Carpenter at different locations at the same time. Mr. Norris's affidavit states "that on 12/01/94 at 4:56PM at 53 Shonnard Pl Yonkers NY 10703 deponent served the within Summons and Complaint on Michael Lorenzo 4th Precinct recipient therein named" by leaving a copy with officer Carpenter at that address. Mr. Norris further swore that "Mailing was made to 53 Shonnard Pl Yonkers NY 10703."

On December 7, 1994, all defendants, including defendants Lorenzo and Solicito, answered the complaint. Defendants Lorenzo and Solicito raised the affirmative defense of "lack of jurisdiction."

On January 11, 1995, Magistrate Judge Roberts ordered defendants to produce defendants Lorenzo's and Solicito's personnel files by January 31, 1995 "or advise the court and plaintiffs' counsel that these defendants challenge service of process." (Order, 1/11/95, ¶ 3.) According to plaintiffs' counsel, that Order was entered as a result of a conference with the Court on that same day at which plaintiffs' counsel stated that if defendants were going to contest service, he would re-serve them within the 120–day period provided by Rule 4(m).

On January 17, 1995, defense counsel produced the files but noted in his letter that "the delivery of these files shall not be deemed a waiver of any affirmative defenses advanced on behalf of any of the Defendants, including the defense of lack of personal jurisdiction." (1/17/95 letter from Julius Cohn to Peter Neufeld.) No further action was taken by either plaintiffs or defendants as to the service issue until defendants filed this motion on April 21, 1995, after expiration of the 120–day period.

In support of the present motion, defendants Solicito and Lorenzo have submitted affidavits. Defendant Lorenzo admits that he received one copy of the Summons and Complaint, which had defendant Solicito's name highlighted in yellow, in his "box maintained for the purpose of receiving communications from the Yonkers Police Department, at work." (Lorenzo Aff. ¶ 2.) Defendant Lorenzo states that he did not receive a copy in the mail. (Id.) Defendant Solicito states that he has "never received a Summons or a Complaint in this action, either personally, through the Yonkers Police Department or through the United States mail." (Solicito Aff. ¶ 3.)

In opposition to the motion, plaintiffs have submitted an affidavit from process server Norris to explain how he could be in two places at once and to try to cure the defects in his original affidavits of service. In his current affidavit, Mr. Norris explains that at 4:56PM on December 1, 1994 he attempted to serve defendants at the 4th Precinct located at 52 Shonnard Place, but the uniformed desk officer would not accept process and said that all process on police officers had to be served at Police Headquarters located at 104 South Broadway. (Norris 5/24/95 Aff. ¶ 2.) Mr. Norris then went to Police Headquarters at 104 South Broadway and deliv-

ered the summons and complaint to officer Carpenter, the uniformed duty officer. (*Id.* ¶ 3.) Mr. Norris states that he then mailed copies of the summons and complaint to each of defendants Lorenzo and Solicito at 104 South Broadway, Yonkers, NY 10705, that is, at Police Headquarters. (*Id.* ¶ 4.) Mr. Norris's current affidavit means that his original affidavit of service as to officer Lorenzo at "53 Shonnard Pl." and his mailing to that same address was totally erroneous.

## ANALYSIS

### I. DEFENDANTS DID NOT WAIVE THEIR RIGHT TO CONTEST SERVICE OF PROCESS

▮ Plaintiffs claim that "defendants waived their right to contest service of process by failing to comply with a Court order dated January 11, 1995." (*See* Pls.' Br. at 1.)

Defendants complied with the letter (if perhaps not the spirit) of the Court's January 11, 1995 Order. That Order required defendants to produce defendants' personnel files or advise plaintiffs' counsel that defendants challenge service of process. Defendants literally complied by producing the files before the deadline. Moreover, plaintiffs could not have been misled into "refrain[ing] from taking necessary and appropriate measures to cure the claimed" service defect (*see* Pls.' Br. at 3), since defendants timely stated that "delivery of these files shall not be deemed a waiver of any affirmative defenses advanced on behalf of any of the Defendants, including the defense of lack of personal jurisdiction" (*i.e.*, deficient service of process). (1/17/95 Letter from Julius Cohn to Peter Neufeld.) In light of defendants' disclaimer, plaintiffs could have played it safe by re-serving these two defendants, certainly a minimal expense in an action seeking $3 million in compensatory damages and $5 million in punitive damages, or seeking additional relief from the Court. Plaintiffs did neither.

It appears from the timing of this motion that defendants waited until after the 120–day service period had expired before making it clear that they would, as opposed to might, challenge service. Nevertheless, defendants did not violate a court Order, and

therefore I recommend that the Court hold that defendants did not waive their right to challenge service.

### II. SERVICE WAS PROPER

Process server Norris's original affidavits of service clearly were deficient—as he himself implicitly acknowledges in his current affidavit. For example, his December 6, 1994 affidavit alleges that he served defendant Lorenzo at *53* Shonnard Place, while he now swears that, after being turned away from *52* Shonnard Place, he made service at Police Headquarters at 104 South Broadway.

Nevertheless, Rule 4(*l*), Fed.R.Civ.P., clearly instructs that "Failure to make proof of service does not affect the validity of the service" and that "The Court may allow proof of service to be amended." As Wright & Miller note, a "request under Rule [4(*l*)] for permission to amend the proof of service, rather than the process itself, rarely should be refused." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1132 at 364 (2d ed. 1987 & Supp. 1995). Accordingly, I recommend treating the submission of the current Norris affidavit as a request to amend the proof of service and granting that request.

The current Norris proof of service affidavit shows service on both defendants Lorenzo and Solicito by leaving the process with the duty officer at Police Headquarters and mailing another copy to each of them at Police Headquarters.

Rule 4 of the Federal Rules of Civil Procedure allows service "pursuant to the law of the state in which the district court is located." Rule 4(e)(1), Fed.R.Civ.P. New York allows service by, *inter alia*, delivering the summons to a person of suitable age and discretion at the actual place of business of the person to be served and by mailing a copy to the person to be served at his actual place of business. CPLR § 308(2).

It seems clear that if service had been made by delivering and mailing the summons and complaint to the officers' precinct, service would have been proper. *See Bloomer v. City of New York*, CV 89–592, 1994 WL

92388 at *2, *3, 1994 U.S. Dist. LEXIS 2939 at *4, *8 (E.D.N.Y. March 3, 1994).

■ The issue is whether service at Police Headquarters also is service at these officers' "actual place of business." I recommend that on the particular facts of this case, the Court find such service to be proper.

In this case, the process server tried to serve the defendant police officers at their precinct but was told by the desk officer that he could not accept service, which should be made at Police Headquarters. (Norris 5/24/95 Aff. ¶ 2.) Defendants have failed to submit any affidavits from the Yonkers Police Department that Yonkers Police Headquarters is not authorized to receive service of process for police officers. Finally, by officer Lorenzo's own admission, he received the copy of the summons and complaint left for him at Police Headquarters. (Lorenzo Aff. ¶ 2.) The fact that the copy had officer Solicito's name highlighted in yellow instead of officer Lorenzo's name highlighted is of no moment, since officer Lorenzo was named in the summons and complaint. I recommend that the Court find service at Police Headquarters to be service at the police officer defendants' actual place of business, at least on the peculiar facts of this case. *Cf. Colon v. Beekman Downtown Hosp.*, 111 A.D.2d 841, 490 N.Y.S.2d 581, 582 (2d Dep't.1985) (service proper by delivery to hospital administration office although defendant's office was within the Department of Anesthesiology in the hospital); *F.I. duPont v. Chen*, 41 N.Y.2d 794, 797, 396 N.Y.S.2d 343, 345, 364 N.E.2d 1115, 1116 (N.Y.1977) (where building employee prevents process server from proceeding to defendant's apartment, actual dwelling place extends to lobby or other area where process server is stopped).

■ CPLR 308(2) also requires that the summons and complaint be mailed to the defendant at his actual place of business. Here, process server Norris's current affidavit claims that he mailed copies to both officers Lorenzo and Solicito at Police Headquarters (Norris Aff. ¶ 4), while Lorenzo and Solicito claim that they never received the copy mailed to them. (Lorenzo Aff. ¶¶ 2–3; Solicito Aff. ¶ 3.) The mere denial of receipt of service, however, is insufficient to over-

come the presumption of validity of the process server's affidavit. *See, e.g., Sassower v. City of White Plains*, 89 Civ. 1267, 1993 WL 378862 at *7, 1993 U.S. Dist. LEXIS 13475 at *24 (S.D.N.Y. Sept. 24, 1993) (" 'a bare allegation by a defendant that he was improperly served cannot be allowed to bely the private process server's return.' "), *quoting FROF, Inc. v. Harris*, 695 F.Supp. 827, 829 (E.D.Pa. 1988), and *citing Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D.Ill.1989); *see also, e.g., Colon v. Beekman Downtown Hosp.*, 111 A.D.2d at 841, 490 N.Y.S.2d at 582 ("The mere sworn denial of receipt of the copy of the summons and complaint at his home, without further probative facts, is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter.").

■ Alternatively, if the Court were to find that service on defendants Lorenzo and Solicito was not proper, I recommend that plaintiffs be given leave to serve the complaint beyond the 120–day period pursuant to Rule 4(m), that is, to serve the complaint within 30 days of the Court's Order. In determining whether "good cause" exists to allow service outside of the 120–day period, courts look at two factors: "(1) the reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants from the delay." *Bloomer v. City of New York*, 1994 WL 92388 at *4, 1994 U.S. Dist. LEXIS 2939 at *10, *citing Gordon v. Hunt*, 116 F.R.D. 313, 319 (S.D.N.Y.), *aff'd*, 835 F.2d 452 (2d Cir.1987), *cert. denied*, 486 U.S. 1008, 108 S.Ct. 1734, 100 L.Ed.2d 198 (1988). As to the first factor, plaintiffs attempted to serve defendants at their station house but were told service should be made at Police Headquarters. When defendants' counsel raised a question as to service at a conference before the Court, plaintiffs' counsel asked that defendants specify if they were challenging service so that plaintiffs could re-serve the defendants. Defendants continued to keep open their option, but did not challenge service or make clear that they would (as opposed to might) challenge service until after the expiration of the 120–day period— which has caused courts to criticize defen-

dants in the past. *See Bloomer v. City of New York*, 1994 WL 92388 at \*4, 1994 U.S. Dist. LEXIS 2939 at \*11–12, *citing Zankel v. United States*, 921 F.2d 432, 437 (2d Cir. 1990).

As to the second factor, defendants have not claimed any prejudice. Since it is clear that both defendants Lorenzo and Solicito actually did receive the summons and complaint directly or through counsel, and filed timely answers to the complaint, there could be no prejudice. Accordingly, I find that there is "good cause" to allow plaintiffs to reserve defendants Lorenzo and Solicito beyond the 120 days, if the Court deems it necessary.

### CONCLUSION

For the reasons set forth above, I recommend that the motion of defendants Solicito and Lorenzo to dismiss for failure to properly serve them be denied. Alternatively, I recommend that there is "good cause" to grant plaintiffs leave to serve the complaint beyond the 120–day period pursuant to Rule 4(m).

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Kimba M. Wood, 500 Pearl Street, Room 1610, and to the chambers of the undersigned, 40 Centre Street, Room 540. Any requests for an extension of time for filing objections must be directed to Judge Wood. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir.), *cert. denied*, 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson*, 714 F.2d 234, 237–38 (2d Cir.1983).

Dated: New York, New York

June 13, 1995