**In the Matter of Claude Edward BRACKETT, Christiane C. Brackett, Debtors.**

**Mountain National Bank, Plaintiff,**

v.

**Claude Edward Brackett, Christiane C. Brackett, Defendants.**

**Bankruptcy No. 97–14256–WHD. Adversary No. 98–1025.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Feb. 8, 2000.

Larry L. Ruff, Kaufman, Chaiken, Miller & Klorfein, Atlanta, GA, for plaintiff.

Willian T. Johnson, Griffin, GA, for debtors/defendants.

## *ORDER*

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Before the Court is Defendants' "Motion to Set Aside Default Judgment" (hereinafter "Motion") and Plaintiff Mountain National Bank's response thereto. This matter falls within the subject matter jurisdiction of the Court, *see* 28 U.S.C. § 157(b)(2)(I) & (J), and shall be disposed of in accordance with the following reasoning.

### BACKGROUND

Claude Edward Brackett and Christiane C. Brackett (hereinafter the "Defendants") filed a voluntary petition under Chapter 7

of the Bankruptcy Code on December 31, 1997. William T. Johnson, Esq. filed the petition on behalf of the Defendants, and he has represented them throughout this proceeding.

On April 24, 1998, Plaintiff timely filed a discharge and a dischargeability complaint against the Defendants.[1] This action appears to stem from a relationship between Plaintiff, as lender, and the Defendants, as personal guarantors of a note, which they executed in their representative capacities as principals of a business known as Cameron Enterprises. Plaintiff alleged in its complaint that the Defendants owe it approximately $83,000, which should be excepted from discharge under § 523(a)(6) of the Code. Moreover, Plaintiff alleged that all of the Debtors' debts should be excepted from discharge pursuant to § 727(a)(2).

Plaintiff's counsel filed a certificate of service on May 7, 1998. According to the certificate of service, counsel served the Defendants and Defendants' counsel with the summons and complaint on April 24, 1998.[2] No answer or other responsive pleading was filed by the Defendants, as required by Bankruptcy Rule 7012. Consequently, in accordance with Bankruptcy Rule 7055 and after receipt of an affidavit from Plaintiff's counsel that service of the

summons and complaint was accomplished, the Clerk of the Court entered a default against the Defendants on July 17, 1998. Shortly thereafter, on July 27, 1998, Plaintiff filed a motion for a default judgment.[3] A judgment by default was entered against the Defendants on September 1, 1998. The consequences of the Defendants' failure to respond to the lawsuit are severe. First, Plaintiff's debt was declared nondischargeable. Second, the Defendants' discharge was denied under § 727.

On November 22, 1999, the Defendants filed the instant Motion, wherein they allege that Plaintiff did not serve them with the summons and complaint. (Motion at ¶¶ 1 and 2). Further, the Defendants allege that their issues with Plaintiff were resolved by the execution of a reaffirmation agreement in July 1998.[4] In response to the Motion, Plaintiff contends that the parties agreed last summer that the default judgment "would not be disturbed." (Plaintiff's Response to Motion to Set Aside at ¶ 8).

## Discussion

Rule 55 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7055, governs default judgments. According to Rule 55(c), a court may vacate or set aside a

---

1. Bankruptcy Rule 4004(a) requires that a complaint objecting to discharge under § 727 be filed no later than sixty (60) days following the first date set for the meeting of creditors. Dischargeability complaints premised on § 523(a)(6), like the complaint at issue here, must likewise be filed no later than sixty (60) days following the first date set for the creditor meeting. *See* Fed.R.Bankr.P. 4007(c). The first date set for the creditor meeting in this case was February 23, 1998. According to the Court's calculations, Plaintiff's complaint was filed on the sixtieth (60th) day.

2. As reflected in the certificate of service, the Defendants were served at 80 Parks Timber Drive, Sharpsburg, Georgia 30277, and counsel was served at Post Office Box 205, Griffin, Georgia 30224–0205. The addresses reflected on the certificate of service match the addresses provided by the Defendants and their counsel on the Chapter 7 petition.

3. Neither Plaintiff's request for default nor its motion for default judgment was served on the Defendants or Defendants' counsel. However, service of pleadings on non-answering defendants is not required by the procedural rules. *See* Fed.R.Civ.P. 5 ("No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4."); *see also Varnes v. Local 91, Glass Bottle Blowers Assoc. of the United States and Canada,* 674 F.2d 1365, 1368 (11th Cir.1982). Rule 5 of the Federal Rules of Civil Procedure is made applicable to bankruptcy cases by Rule 7005 of the Federal Rules of Bankruptcy Procedure.

4. While the reaffirmation agreement may have been signed in July 1998, the docket reflects that it was not filed until August 5, 1998.

default judgment as long as the moving party complies with Rule 60(b).[5] Rule 60(b), entitled "Relief from Judgment or Order," provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court.

FED.R.CIV.P. 60(b). Subsections (1), (2), and (3) of Rule 60(b) are not applicable since the Defendants' Motion was filed more than one year after entry of the default judgment. Because the Defendants make no reference in their Motion to either Rule 55(c) or Rule 60(b), it is up to the Court to determine whether subsections (4), (5), or (6) are germane to this case. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 n. 31 (D.C.Cir.1987) (when defaulting party fails to identify which part of Rule 60(b) applies, courts usually decide which provisions are pertinent to the dispute); *see also V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 (10th Cir.1979).

### *I. Rule 60(b)(4)*

As noted previously, the Defendants contend that they were not served with the summons and complaint.[6] "It is a principle of general application in Anglo–American jurisprudence that one is not bound by a judgment in personam in a litigation in which he is not designated as a party or to which he has not been made a party by service of process." *Hansberry v. Lee,* 311 U.S. 32, 40, 61 S.Ct. 115, 85 L.Ed. 22 (1940) (citing *Pennoyer v. Neff,* 95 U.S. 714, 24 L.Ed. 565 (1877)). If Plaintiff failed to properly serve the summons and complaint, this Court lacked in personam jurisdiction to enter a default judgment against the Defendants. *Attwell v. LaSalle Nat'l Bank,* 607 F.2d 1157, 1159 (5th Cir.1979) ("in order for there to be in personam jurisdiction there must be valid service of process"), *cert. denied,* 445 U.S. 954, 100 S.Ct. 1607, 63 L.Ed.2d 791 (1980). Rule 60(b)(4) is implicated in the instant case by virtue of the well-established principle that a default judgment is void if the defaulting party was not properly served. *See Mason v. Genisco Tech. Corp.,* 960 F.2d 849, 851 (9th Cir.1991); *Nick Garin Trucking,* 825 F.2d at 442 ("in personam judgment entered without personal jurisdiction over a defendant is void"); *Thos P. Gonzalez Corp. v. Consejo Nacional De Produccion De Costa Rica,* 614 F.2d 1247, 1255–56 (9th Cir.1980) ("judgment entered without personal jurisdiction over the par-

---

**5.** Rule 60(b) of the Federal Rules of Civil Procedure is made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

**6.** Counsel for the Defendants likewise contends that he was not served with the lawsuit.

ties is void") (citation omitted); *Marshall v. Bd. of Educ., Bergenfield, New Jersey*, 575 F.2d 417, 422 (3d Cir.1978) (judgment is void if court lacked either subject matter or personal jurisdiction). A judgment can be characterized as either valid or void; there is no in between or middle ground. *Thos P. Gonzalez Corp.*, 614 F.2d at 1256. If the Court determines that the default judgment entered against the Defendants is void, relief under Rule 60(b)(4) is mandatory.[7]

█ The Court must determine whether the default judgment against the Defendants is void or valid. Perfection of service of process results in this Court's obtaining jurisdiction over parties such that it can adjudicate their rights. *Nick Garin Trucking*, 825 F.2d at 442 (citation omitted); *Fed. Trade Comm'n v. Compagnie De Saint–Gobain–Pont–A–Mousson*, 636 F.2d 1300, 1319 (D.C.Cir.1980). Service of process is governed by Bankruptcy Rule 7004. Bankruptcy Rule 7004(b)(1) provides that "service may be made within the United States by first class mail postage prepaid as follows: Upon an individual . . . by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts a business or profession." FED. R.BANKR.P. 7004(b)(1). On two occasions, once in a certificate of service and once in a sworn affidavit, Plaintiff's counsel represented to the Court that he served the Defendants with the summons and com-

plaint at their residence via regular mail. This Court concludes that Plaintiff's counsel's affidavit of service constitutes prima facie evidence of proper service. *Howard Johnson Int'l, Inc. v. Wang*, 7 F.Supp.2d 336, 339 (S.D.N.Y.1998) (citation omitted), *judgment aff'd*, 181 F.3d 82 (2d Cir.1998); *see also Fed. Deposit Ins. Corp. v. Brenesell (In re Brenesell)*, 109 B.R. 412, 418 (Bankr.D.Haw.1989) (certificate of service "raises a strong presumption of valid service") (citation omitted).

█ When a defaulting party attacks a default judgment on insufficiency of process grounds, "the burden of proof lies with the party raising the challenge." *People of the State of New York v. Operation Rescue Nat'l*, 69 F.Supp.2d 408, 416 (W.D.N.Y.1999); *see also Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir.1986) (citing *Jones v. Jones*, 217 F.2d 239, 242 (7th Cir.1954)). Accordingly, the burden is on the Defendants to show that they had no actual notice of Plaintiff's lawsuit. Unfortunately, the Defendants have done nothing to satisfy their burden, other than to simply deny receipt of the summons and complaint. The Defendants' mere denial of service, unsupported by affidavit or other evidence, falls short of what is required to overcome Plaintiff's prima facie evidence that service of process was accomplished. *Operation Rescue Nat'l*, 69 F.Supp.2d at 416 ("The mere denial of receipt of service . . . is insufficient to overcome the presumption of validity of the process server's affidavit."); *Nolan v. City of Yonkers*, 168 F.R.D. 140,

---

7. Application of subdivision (4) is significantly different than application of the other five subdivisions of Rule 60(b). As will be discussed more fully below, for subdivisions (1), (2), (3), (5), and (6) of the rule, trial courts have broad discretion when considering motions to set aside default judgments. *See United States v. Certain Real Property Located at Route 1, Bryant, Alabama*, 126 F.3d 1314, 1318 (11th Cir.1997) (citation omitted). Usually, a default judgment can be set aside if the defaulting party demonstrates that it has a meritorious defense to the underlying action and that vacating the judgment will not prejudice the nondefaulting party. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers,*

*Inc.*, 740 F.2d 1499, 1511 (11th Cir.1984) (citations omitted); *see also McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000, 1001 (5th Cir.1970). If, however, a judgment is void, thereby triggering Rule 60(b)(4), the inquiry ends. Stated differently, trial courts lack discretion when considering a Rule 60(b)(4) motion. *Thos P. Gonzalez Corp.*, 614 F.2d at 1256. If a judgment is void, no proof is required that the defaulting party has a meritorious defense or that the other party will not be prejudiced by having the judgment set aside. *Nick Garin Trucking*, 825 F.2d at 441–42; *Hicklin v. Edwards*, 226 F.2d 410, 413 (8th Cir.1955) (citation omitted).

144 (S.D.N.Y.1996) (same) (citations omitted); *Hill v. Sands*, 403 F.Supp. 1368, 1371 (N.D.Ill.1975). "[O]bjections to service must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized." *Operation Rescue Nat'l*, 69 F.Supp.2d at 416 (citation omitted). Since the Defendants have failed to carry their burden of proof, the Court can only conclude that Plaintiff properly perfected service of process in this case. As such, the default judgment is not void on jurisdictional grounds.

## II. Rule 60(b)(5 and 6)

Rule 60(b)(5) authorizes a court to set aside a judgment (i) that "has been satisfied, released, or discharged ... reversed or otherwise vacated" or (ii) if it would be inequitable for the judgment to have "prospective application." FED.R.CIV.P. 60(b)(5). Subdivision (6) of the rule serves as a catchall provision which permits a court to vacate a judgment for any justifiable reason. *See* FED.R.CIV.P. 60(b)(6).

▆▆▆ It is well-recognized in decisional law that trial courts have broad discretion when considering motions to set aside default judgments under Rule 60(b)(5) and (6). *See Certain Real Property Located at Route 1*, 126 F.3d at 1318. The Eleventh Circuit has directed lower courts, in the exercise of their broad discretion, "to construe liberally the requirements of Rule 60(b) when reviewing default judgments." *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986) (citation omitted). Notwithstanding its pronouncement that motions to vacate default judgments be liberally construed, the Eleventh Circuit has also made it clear that relief under Rule 60(b) is an "extraordinary remedy" available only to those litigants capable of showing "exceptional circumstances." *Certain Real Property Located at Route 1*, 126 F.3d at 1318 (quoting *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984)).

▆▆▆ As a general proposition, the judiciary disfavors default judgments.

*Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993) ("defaults are seen with disfavor because of the strong policy of determining cases on their merits") (citations omitted); *Oberstar v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 504 (8th Cir.1993) (same); *Tazco, Inc. v. Director, Office of Workers Compensation Program, United States Dep't of Labor*, 895 F.2d 949, 950 (4th Cir.1990) (same); *but see Metro. Life Ins. Co. v. Estate of Cammon*, 929 F.2d 1220, 1224 (7th Cir.1991) ("For a long time courts were reluctant to enter default judgments, and appellate courts were reluctant to sustain those that were entered. Courts emphasized that litigants are entitled to decisions on the merits, and that default is a harsh sanction. Those times are gone."). Instead, most courts, including this one, much prefer to decide cases on the merits. Despite that preference, courts must also consider, when deciding whether to vacate a default judgment, the competing policy of finality in the judicial process. As the Fifth Circuit aptly noted,

[t]he purpose of Rule 60(b) is to delineate the circumstances under which relief may be obtained from the operation of final judgments, whether they are entered by default, *see* Fed.R.Civ.P. 55(c), or otherwise. By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts." In this light, it is often said that the rule should be liberally construed in order to do substantial justice. What is meant by this general statement is that, although the desideratum of finality is an important goal, the justice-function of the courts demands that it must yield, in appropriate circumstances, to the equities of the particular case in order that the judgment might reflect the true merits of the cause. This is not to say that final judgments should be lightly reopened. The desirability of order and predictability in the judicial process calls

for the exercise of caution in such matters. But there can be little doubt that Rule 60(b) vests in the district courts power "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401–02 (5th Cir.1981) (internal citations omitted).

 In this circuit, a default judgment can be set aside, provided the defaulting party satisfies two requirements. First, the defaulting party must establish "that it had a meritorious defense to the action that might have affected the outcome." *Gulf Coast Fans,* 740 F.2d at 1511 (citations omitted); *see also D'Andrea Electric,* 434 F.2d at 1001 ("The court should not reopen a default judgment merely because the party in default requests it, but should require the party to show both that there was good reason for the default and that he has a meritorious defense to the action.") (citation omitted). To meet the "meritorious defense" requirement, the defaulting party must "make an affirmative showing of a defense that is likely to be successful." *Solaroll Shade and Shutter,* 803 F.2d at 1133 (citation omitted). Second, the movant must demonstrate that vacating the judgment will not prejudice the nondefaulting party. *Gulf Coast Fans,* 740 F.2d at 1511 (citation omitted).

 Unfortunately, the Defendants have made no attempt to satisfy the two requirements articulated in the preceding paragraph. They do not even mention defenses in their Motion, and the Court refuses to hazard a guess as to what they might be. In addition, while the Court does have some concern about the timing of and the necessity of a default judgment, given the Defendants' positive performance under the reaffirmation agreement,

the Defendants have failed to demonstrate that setting aside the judgment will not prejudice Plaintiff.[8]

## CONCLUSION

Having given this matter its careful consideration, the Court concludes that the Defendants' Motion must be **DENIED.** The record reflects that Plaintiff properly served the summons and complaint. Consequently, the Court had jurisdiction over the Defendants such that the default judgment entered against them on September 1, 1998, is not void. Moreover, the Defendants have failed to demonstrate that the default judgment should be set aside under Rule 60(b)(5) or (6).

**IT IS SO ORDERED.**

---

8. The default judgment was entered less than one month after the Defendants reaffirmed Plaintiff's debt. As it presently stands, Plaintiff has two collection tools at its disposal, the default judgment and the reaffirmation agreement. Since Plaintiff can collect its debt through enforcement of the reaffirmation agreement outside of bankruptcy, what really

is at stake here is the denial of the Defendants' discharge. The denial of discharge under § 727 renders approximately $64,000 of general unsecured debt nondischargeable. Given this set of circumstances, a proper Rule 60(b) motion by the Defendants may very well have dictated a different result.