**In re HECHINGER INVESTMENT COMPANY OF DELAWARE, INC., et al., Debtors.**

**Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession, Plaintiff,**

**v.**

**Survivor Technologies, Inc., fka The Vinylaire Window Corp., Defendant.**

**Bankruptcy No. 99–02261(PJW).**

**Adversary No. 01–3106.**

United States Bankruptcy Court, D. Delaware.

Dec. 30, 2002.

---

Brett D. Fallon, Morris, James, Hitchens & Williams, LLP, Wilmington, DE, Andrew C. Kassner, Andrew J. Flame, Drinker, Biddle & Reath, LLP, Philadelphia, PA, John D. Penn, Haynes and Boone, LLP, Ft. Worth, TX, for Survivor Technologies, Inc.

John T. Carroll, III, Cozen O'Connor, Wilmington, DE, Gregory S. Abrams, Melody G. Anderson, A.S.K. Financial, Tarzana, CA, Co–Counsel for Plaintiff, Hechinger Liquidation Trust, as successor in interest to Hechinger Investment Company of Delaware, Inc., et al., Debtors in Possession.

## MEMORANDUM OPINION

PETER J. WALSH, Chief Judge.

This is with respect to Survivor Technologies, Inc.'s ("Defendant") motion (Doc. # 6) to dismiss the adversary complaint ("Complaint") filed against it by Hechinger Investment Company of Delaware, Inc. ("Plaintiff"). Defendant seeks dismissal pursuant to Federal Rule of Bankruptcy Procedure 7004[1] and Federal Rule of Civil Procedure 12(b)[2] for insufficient service of

---

1. Rule 7004(m) provides that Rule 4(a), (b), (c)(1), (d)(1), (e)(j), (1), and (m) of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed. R. Bankr.P. 7004(a). Applicable to the instant dispute, Federal Rule of Civil Procedure 4(m) provides:

    Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f)or (j)(1).

2. Federal Rule of Civil Procedure 12(b) is made applicable in the instant proceeding pursuant to Fed. R. Bankr.P. 7012.

process. I will deny Defendant's motion for the reasons discussed below.

Plaintiff commenced the instant avoidance action on June 5, 2001. (Pl.'s Opp'n (Doc. # 7) at 1.) On September 26, 2001, Plaintiff filed a motion ("Enlargement Motion") (Doc. # 4648, Case No. 99–2261) in its chapter case seeking to enlarge the time within which it could complete service of process in avoidance actions.[3] As grounds therefor, Plaintiff argued that although the majority of defendants in the avoidance actions had been properly served, there remained approximately 125 alias summons which had been filed with the Court in August 2001 and either returned by the clerk ("Clerk") of the court to counsel with ten days having already expired from the date of issuance, or never returned at all. (Debtors' Mot. (Doc. # 4628, Case No. 99–2261) ¶ 10.)

On October 4, 2001, this court entered an Order (Doc. # 4721, Case No. 99–2261) ("Enlargement Order") granting Debtors' Enlargement Motion.[4] Thereafter, on November 2, 2001, the Clerk issued an alias summons (Doc. # 4) ("Summons") in the instant action notifying Defendant that it was required to file a response to the Complaint on or before December 5, 2001, and that a pre-trial conference had been scheduled for December 11, 2001 at 9:30 a.m. (Id.) Subsequently, on or about January 16, 2002, Plaintiff filed a Proof of Service (Doc. # 5) certifying that on December 10, 2001, Defendant was served with the following documents via regular and certified mail: (1) the Summons; (2) the Complaint; (3) the Enlargement Order; (4) a notice of adjournment to March 7, 2002; (5) a notice of service re discovery; (6) interrogatories, requests for production of documents and requests for admission; and (7) a settlement offer and acceptance form. (Id.)

Defendant filed its motion (Doc. # 6) to dismiss on January 31, 2002. In support of its motion, Defendant argues that the instant proceeding should be dismissed because: (1) the Summons was never served (Def.'s Reply (Doc. # 10) ¶ 2); (2) even if the Summons had been served, it was a nullity on its face because it provided that Defendant was to respond on or before December 5, 2001, but was not "served" until December 10, 2001 (Def.'s Reply (Doc. # 10) ¶ 3); (3) the Summons was not served within ten days of being issued (Def.'s Mot. (Doc. # 6) ¶ 1); (4) the Enlargement Order is ineffective because the Enlargement Motion was filed in Plaintiff's chapter case and not the instant adversary proceeding (Def.'s Mot. (Doc. # 6) ¶ 5; Def.'s Reply (Doc. # 10) ¶ 1); and (5) there was no good cause for the Court to extend

---

**3.** Plaintiff and certain of its affiliates (collectively, "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code on June 11, 1999 ("Petition Date").

**4.** The Enlargement Order provides in pertinent part:

> Upon consideration of Debtor's [Enlargement Motion] (the "Motion"), it appearing that good cause exists for the granting of the Motion, it is . . .
>
> ORDERED, that the Motion be and hereby is APPROVED; and it is further
>
> ORDERED, that the time limit to effect service of the summonses and complaints in all Avoidance Actions brought by the Debt-

or against defendants is hereby extended to 190 days after the filing of a particular Avoidance Actions complaint; and it is further

> ORDERED, that the entry of this Order is without prejudice to the Debtor's right to seek a further extension of the time limit for proper service, if necessary, upon a showing of good cause; and it is further
>
> ORDERED, that notwithstanding Bankruptcy Rule 7004(c), no summons shall be deemed stale until 190 days after the filing of the complaint in any of the Avoidance Actions . . .

(Enlargement Order at 1.)

the service deadline (Def.'s Mot. (Doc. # 6) ¶ 4; Def.'s Reply (Doc. # 10) ¶ 4). I find these arguments to be unpersuasive.

■■■ Defendant has the burden of proving the insufficiency of process. *E.g.,* *People of New York v. Operation Rescue Nat'l,* 69 F.Supp.2d 408, 416 (W.D.N.Y. 1999) ("In all challenges to sufficiency of process, the burden of proof lies with the party raising the challenge."); *In the Matter of Brackett,* 243 B.R. 910, 914 (Bankr. N.D.Ga.2000) ("[T]he burden is on the Defendants to show that they had no actual notice of Plaintiff's lawsuit."). A signed proof of service constitutes prima facie evidence of valid service. *Id.* "The mere denial of the receipt of service... is insufficient to overcome the presumption of validity of the process server's affidavit." *Operation Rescue Nat'l,* 69 F.Supp.2d at 416 (quoting *Nolan v. City of Yonkers,* 168 F.R.D. 140, 144 (S.D.N.Y.1996)).

■■ Here, I find that Defendant has failed to meet its burden of proving the insufficiency of process. Defendant offers no evidence in support of its contention that the Summons was never actually served. Rather, it simply argues that "[t]he package of documents Survivor received did not include a Summons." (Def.'s Reply (Doc. # 10) ¶ 2.) This statement, standing alone, is insufficient to overcome the presumption of validity of the Proof of Service (Doc. # 5) filed with this Court on January 16, 2002. *See Matter of Brackett,* 243 B.R. at 914 ("The Defendants' mere denial of service, unsupported by affidavit or other evidence, falls short of what is required to overcome Plaintiff's prima facie evidence that service of process was accomplished.").

■■ I find the facts that the Summons provided for a response date that had already passed, and that it was served more than ten days after being issued to be

immaterial. With respect to the first issue, courts often find such minor technical defects to be insufficient to warrant dismissal without a showing of prejudice. *See, e.g., Sanderford v. Prudential Ins. Co. of Am. v. Kikly,* 902 F.2d 897, 900 (11th Cir.1990) (finding summons to be in substantial compliance with Federal Rule of Civil Procedure 4(b) where the only information omitted therefrom was return date for responsive pleading); *United Food & Commercial Workers Union v. Alpha Beta Co.,* 736 F.2d 1371, 1382 (9th Cir.1984) ("Even if the summons fails to name all of the defendants, or, as in the case before us, the summons specifies the incorrect time for filing of the answer, dismissal is generally not justified absent a showing of prejudice.") (citations omitted). Here, Defendant has neither alleged, nor presented any evidence to the effect, that it has been prejudiced by the "defect" in the Summons, *see Sanderford,* 902 F.2d at 900 (noting that the 20 day deadline for responding to a complaint is easily ascertainable from the Federal Rules of Civil Procedure), and in fact, its timely appearance in this action supports the opposite conclusion. *See Alpha Beta Co.,* 736 F.2d at 1382 ("[A] defendant's answer and appearance in an action 'should be enough to prevent any technical error in form from invalidating the process.'") (quoting 4A C. Wright & A. Miller, *Federal Practice & Procedure: Civil* § 1088, at 155 (Supp. 1983)). With respect to the second issue, the Enlargement Order clearly provides that "no summons shall be deemed stale until 190 days after the filing of the complaint in any of the Avoidance Actions". (Enlargement Order at 1) (emphasis added). Therefore, the Summons was not "deemed stale" until December 12, 2001, subsequent to the date on which the Proof of Service indicates the Summons was served.

Moreover, I am not convinced by Defendant's arguments that the Enlargement Order was ineffective because (1) it was entered in Plaintiff's chapter case rather than the instant proceeding, and (2) entered without good cause. In addition to the fact that Defendant has cited no legal authority in support of its argument that the Enlargement Order is ineffective because it was entered in the chapter case rather than the instant proceeding, I find the distinction to be immaterial. At the time the Enlargement Order was entered, Defendant had not yet been served in this proceeding and thus, Defendant would have had no notice of the order regardless of whether it was entered in the chapter case or the instant adversary proceeding. Furthermore, the Enlargement Order provides that it was entered upon the Court's finding that good cause existed for the granting of the Enlargement Motion and Defendant presents no evidence or case law in support of the proposition that such a finding was improper.[5] It simply contends that "[t]here is simply no plausible explanation of what required an additional five months beyond the original summons issuance to properly serve a summons." (Def.'s Reply (Doc. # 10) ¶ 4.) This statement alone is insufficient to refute the Court's finding that good cause existed to extend the service deadline in light of the magnitude of avoidance actions filed in Plaintiff's bankruptcy and the Clerk's failure to issue certain summonses and/or return them to Plaintiff in a timely manner.

For the reasons discussed above, Defendant's motion (Doc. # 6) to dismiss the Complaint will be denied.

---

**5.** Indeed, such cause was created, in part, by the Clerk's failure to issue the Summons and/or return them to Plaintiff for service in a timely manner.