### In re OUTBOARD MARINE CORPORATION, et al., Debtors.

**Alex D. Moglia, not personally but as Chapter 7 Trustee for Outboard Marine Corporation and its Related Debtor Entities, Plaintiff,**

v.

**King Marine, Inc., Defendant.**

**Bankruptcy No. 00 B 37405.**
**Adversary No. 02 A 01146.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

April 9, 2007.

See also, 359 B.R. 893.

Janice A. Alwin, Patrick A. Clisham, Steven B. Towbin, Shaw, Gussis, Fishman, Glantz, Wolfson & Towbin LLC, Chicago, IL, for Plaintiff.

Devon J. Eggert, Querrey & Harrold, Chicago, IL, Robert R. Benjamin, Querrey & Harrow, Ltd., Chicago, IL, for Defendant.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of King Marine, Inc. ("King Marine") pursuant to Federal Rules of Civil Procedure 55(c) and 60(b) to vacate a default judgment entered against King Marine and in favor of Alex D. Moglia (the "Trustee"), as Chapter 7 trustee for the bankruptcy estate of Outboard Marine Corporation and its related debtor entities (the "Debtors"). For the reasons set forth herein, the Court grants the motion. The Court grants the Trustee leave to issue an alias summons for service of process upon King Marine.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (O).

## II. FACTS AND BACKGROUND

On December 22, 2000, the Debtors filed Chapter 11 bankruptcy petitions. (Resp. in Opp'n Ex. A, Aff. of Patrick A. Clisham ¶ 4.) King Marine was a creditor of the Debtors at the time the Debtors filed for bankruptcy relief. (Mot. to Vacate Ex. E, Notice of Meeting of Creditors.) On August 20, 2001, the Debtors' cases were converted to Chapter 7. (Clisham Aff. ¶ 4.) The Trustee was then appointed as the Chapter 7 Trustee of the Debtors' estates. (*Id.*)

On August 9, 2002, the Trustee sent a demand letter to King Marine because the Trustee believed that the Debtors had made preferential transfers to King Marine before filing for bankruptcy. (*Id.* ¶ 5.) King Marine did not respond to the letter so the Trustee commenced this adversary proceeding on August 26, 2002. (*Id.* ¶¶ 5 & 6.) The Trustee served King Marine with a copy of the summons and complaint by first class mail, with proper postage affixed thereto, at "King Marine, Inc. c/o Chief Executive Officer 3820 124th Street N.E. Marysville, WA 98270" on August 29, 2002. (Mot. to Vacate Ex. B, Certification of Service; Clisham Aff. ¶ 6.) The Trustee filed a certification of service to this effect, (Cert. of Service, Docket No. 9,) King Marine failed to file an answer or otherwise respond to the Trustee's summons and complaint. (Clisham Aff. ¶ 7.) On October 21, 2002, the Trustee served King Marine with a copy of his motion for entry of default judgment. (*Id.*) As King Marine still had not appeared, on October 29, 2002, the Court granted the default motion and entered a default judgment against King Marine. (Mot. to Vacate Ex. C, Default Judgment; Clisham Aff. ¶ 8.)

The Trustee took no action to collect on the default judgment until August 3, 2006. On that date, the Trustee's attorney, Patrick Clisham ("Clisham"), called King Marine to discuss a resolution of the default judgment. (Clisham Aff. ¶ 9.) Clisham was directed to King Marine's Hawaii office where he spoke with Lincoln Huston ("Huston"). (*Id.*) Huston promised to get back to Clisham about the default judgment as soon as possible. (*Id.*) Clisham then faxed to Huston a copy of the complaint, summons, and default judgment. (*Id.*) The parties disagree as to whether these documents were faxed to the appro-

priate fax number. (Clisham Aff. ¶ 9; Clisham Aff. Ex. 1, Facsimile Confirmation; Reply Ex. No. 8, Facsimile Sent to King Marine by C & W Consultants.) On August 25, 2006, Clisham called Huston again to discuss the default judgment. (Clisham Aff. ¶ 10.) Per Huston's request, Clisham again faxed the complaint, summons, and default judgment to Huston at the same disputed fax number. (*Id.*) Huston again failed to follow up with Clisham concerning the default judgment. (*Id.*)

In early November of 2006, the Trustee hired a collection agency, CWC, to collect on various default judgments the Trustee had obtained. CWC contacted Bill King ("King"), the president of King Marine, concerning collection of the default judgment against King Marine. (Mot. to Vacate Ex. D, Fax; Mot. to Vacate Ex. F, Aff. of Bill King ¶ 9.) King informed CWC that King Marine's attorney would be in contact with CWC.

King denies that King Marine received notice of this adversary proceeding. King filed an affidavit with this motion which stated that he receives all mail addressed to the chief executive officer of King Marine, (King Aff. ¶ 2.) King also explained that King Marine's bookkeeper, Lynn Mosman ("Mosman"), receives all mail sent to King Marine. (*Id.* ¶ 3.) If Mosman receives mail concerning a lawsuit, she calls King and then forwards such mail to him. (*Id.* ¶¶ 4 & 5.) King further stated that he never received the Trustee's summons, (*Id.* ¶ 7.) He asserted that King Marine had no knowledge of this adversary until November of 2006. (*Id.* ¶ 9.) Likewise, Mosman submitted an affidavit stating that she receives all mail sent to King Marine at the Marysville, Washington address. (Mot, to Vacate Ex. G, Aff. Lynn Mosman ¶ 2.) She also explained her usual procedure of calling King if she receives mail concerning a lawsuit as well

as forwarding such mail directly to King. (*Id.* ¶¶ 3 & 4.) Mosman stated that she did not receive the Trustee's summons concerning this adversary proceeding. (*Id.* ¶ 5.) Finally, she asserted that King Marine had no notice of this adversary proceeding until November of 2006. (*Id.* ¶ 7.)

In addition to the affidavits, King Marine states in its briefs that the Trustee mailed the summons and complaint to King Marine using the wrong zip code. King Marine's former zip code was 98720. (Reply Ex. No. 3, Invoices Dated May 18, 2000.) In May 25, 2000, however, King Marine's zip code changed to 98721. (Reply Ex. No. 4, Invoices Dated May 25, 2000.) While King Marine acknowledges that it received mail with the former zip code as late as four months after the zip code changed, the Trustee sent the summons and complaint to the former zip code over two years after the zip code changed. (Reply Ex. No. 5, Checks Issued to King Marine by Debtors; Cert, of Service.) The Trustee, however, did not receive any return mail from the post office on his summons and complaint. (Clisham Aff. ¶ 8.)

On January 19, 2007, King Marine filed its motion for relief from judgment under Federal Rules of Civil Procedure 55(c) and 60(b). The Trustee opposes the motion. Both parties filed briefs and affidavits in support of their positions.

### III. *DISCUSSION*

The parties raise three main issues in their briefs. King Marine raises two different arguments for vacating the default judgment for improper service. First, King Marine argues the Trustee's service was improper because the Trustee mailed the summons and complaint using the wrong zip code. Second, King Marine argues the Trustee's service was improper

because King Marine did not receive actual notice of this adversary proceeding. The Trustee raises the third issue; he argues that King Marine delayed in moving to vacate the default judgment.

The Court grants the motion to vacate the default judgment. The Trustee's service was not improper because he mailed the summons and complaint using the wrong zip code. The Trustee's service was improper, however, because King Marine did not receive actual notice of this proceeding. Finally, King Marine did not delay in moving to vacate the default judgment,

Federal Rule of Civil Procedure 55(c), applicable to this proceeding through Federal Rule of Bankruptcy Procedure 7055, states "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED R. CIV. P. 55(c). Federal Rule of Civil Procedure 60(b) states "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; ...." FED R. CIV. P. 60(b) (applicable through Federal Rule of Bankruptcy Procedure 9024).

▮ First, the Court must determine if the judgment entered in this case is void for purposes of Rule 60(b)(4). A motion under Rule 60(b)(4) is an extraordinary remedy to be granted only in exceptional circumstances. *In re Whitney–Forbes, Inc.*, 770 F.2d 692, 696 (7th Cir.1985). Generally, a judgment is void if the court lacked subject matter jurisdiction or personal jurisdiction. *Id.* A court lacks personal jurisdiction over a defendant if he was not properly served. *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 51

(N.D.Ill.1989). As a result, a default judgment obtained after improper service is void. *Id.; In re Haas*, Nos. 01–71295, 01–7103, 2004 WL 513770, at *2 (Bankr. C.D.Ill. Mar. 15, 2004); *Mountain Nat'l Bank v. Brackett (In re Brackett)*, 243 B.R. 910, 913 (Bankr.N.D.Ga.2000). If a court finds a judgment void, the court must vacate the judgment under Rule 60(b)(4), it does not have discretion as it would under any other section of Rule 60(b). *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir.1986); *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir., 1995), *overruled on other grounds by Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394–95, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The party moving to vacate a default judgment under Rule 60(b)(4) has the burden of proof. *Bally Export Corp.*, 804 F.2d at 401.

Bankruptcy Rule 7004(b)(3) governs service on a corporation in an adversary proceeding. It states as follows:

> (b) Service by First Class Mail. Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) FR Civ P, service may be made within the United States by first class mail postage prepaid as follows:

> . . . .

> ▮ (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute

so requires, by also mailing a copy to the defendant.

FED. R. BANKR.P. 7004(b)(3). When a party mails a properly addressed document with sufficient postage, there is a rebuttable presumption that the addressee receives the document. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *In re Nimz Transp., Inc.*, 505 F.2d 177, 179 (7th Cir.1974); *Merrill Lynch Pierce, Fenner & Smith Inc. v. Dodd (In re Dodd)*, 82 B.R. 924, 928 (N.D.Ill.1987); *Haas*, 2004 WL 513770, at \*2; *Moglia v. Lowitz & Sons (In re Outboard Marine Corp.)*, No. 02 A 01640, 2007 WL 79265, at \*5 (Bankr.N.D.Ill. Jan. 11, 2007). A signed return of service is prima facie evidence of proper service which a defendant can rebut only by strong and convincing evidence. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir.1993).

King Marine first argues that service was improper because the Trustee sent the complaint and summons to the wrong address. Even if a document is improperly addressed, the presumption of receipt still applies, although its effect is weaker. *In re Longardner & Assocs., Inc.*, 855 F.2d 455, 460 (7th Cir.1988) (finding the presumption still applied but was weakened when no zip code was used); *In re STN Enters., Inc.*, 94 B.R. 329, 334 (Bankr.D.Vt.1988) (finding the presumption stronger than in *Longardner* because the zip code was incorrect only by the last digit); *Hall v. Kmart Corp.*, No. 04 C 62240, 2005 U.S. Dist. LEXIS 19805, at \*6 (N.D.Ill. Aug. 25, 2005) (noting the presumption arises even if no zip code is used). The presumption is strengthened, however, when the sender does not receive any return mail as undeliverable from the post office. *Longardner*, 855 F.2d at 460; *STN Enters.*, 94 B.R. at 334.

In this case, the Trustee filed a certification of service with the court. The Trustee's attorney, Clisham, also filed an affidavit with his response to the motion attesting that the Trustee served King Marine with a copy of the summons and complaint by first class mail, postage prepaid on August 29, 2002. Thus, a presumption arises that King Marine received the complaint and summons. Although King Marine is correct that Clisham mailed the summons using the wrong zip code (98720 rather than 98721), this error is insufficient to preclude the application of the presumption. The presumption is further strengthened in this matter where the zip code was only incorrect by one digit, and Clisham did not receive any return mail as undeliverable from the post office. Moreover, King Marine had received mail with the incorrect zip code in the past. Thus, the Trustee's service on King Marine was not improper and the default judgment is not void due to the incorrect zip code. King Marine cannot prevail on its motion to vacate the default judgment on this basis.

King Marine next argues that it can rebut the presumption that it received service because it had no actual notice of the proceeding. A party cannot rebut the presumption of receipt of a mailed document by merely denying receipt, unsupported by evidence. *Lowitz*, 2007 WL 79265, at \*5; *Dodd*, 82 B.R. at 928; *Haas*, 2004 WL 513770 at \*2; *Brackett*, 243 B.R. at 914–15; *Ms. Interpret v. Rawe Druck-und Veredlungs–GmbH (In re Ms. Interpret)*, 222 B.R. 409, 413 (Bankr.S.D.N.Y.1998). To rebut the presumption a party must introduce evidence that the mail was not received. *Ms. Interpret*, 222 B.R. at 413. Specifically, a party can rebut the presumption if it presents testimony that the mail was not received as well as evidence that the party uses a

standardized process for receiving mail. *Dodd*, 82 B.R. at 929; *Ms. Interpret*, 222 B.R. at 414.

■ In the instant case, King Marine offered two affidavits to rebut the presumption of receipt of the summons. King Marine's president, Bill King, attested that he receives all mail addressed to the chief executive officer. Moreover, King stated that the bookkeeper, Mosman, receives all mail sent to King Marine. King explained that Mosman personally calls him if she receives information relating to a lawsuit. She then forwards that information to King and he personally reviews it. Finally King stated that King Marine did not receive the Trustee's summons and complaint in this proceeding.

The affidavit of Mosman also described how she receives all mail sent to King Marine. She likewise attested that when she receives information concerning a lawsuit, she calls King immediately and then forwards the information to him. Finally, Mosman stated that King Marine did not receive the Trustee's summons and complaint in this proceeding.

These affidavits are sufficient to rebut the presumption that King Marine received the Trustee's summons and complaint. Not only did the affiants swear that King Marine did not receive the summons, they also described King Marine's standardized procedure for receiving and processing mail. The Trustee has not come forward with any evidence to contradict these affidavits, he merely relies on the presumption. Thus, the Trustee's service on King Marine was improper as King Marine did not have any actual notice of the proceeding. The default judgment is void for lack of proper service. Accordingly, the Court grants King Marine's motion to vacate the default judgment.

■ Finally, the Trustee argues that even if King Marine can rebut the presumption of proper service, the Court should not vacate the default judgment because King Marine delayed in bringing its motion to vacate. Generally, under Rule 60(b), a party moving to vacate a default judgment must show good cause for the default, a meritorious defense to the plaintiff's complaint, and quick action to correct the default. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994); *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989). Such requirements, however, do not apply to a motion to vacate a default judgment under Rule 60(b)(4) because such a judgment is void. The United States Supreme Court has held that requiring a meritorious defense to vacate a void judgment is a violation of due process. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86–87, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). Moreover, although Rule 60(b) requires that a motion be made within a reasonable time, that time limit does not apply to a motion made under Rule 60(b)(4), Fed R. Civ. P. 60(b); 12–60 Moore's Federal Practice—Civil § 60.44(5)(c) (3d ed.2006). A party may bring a motion under Rule 60(b)(4) at any time. *Pacurar v. Hernly*, 611 F.2d 179, 181 (7th Cir.1979); *Miller v. Cappuccilli (In re Cappuccilli)*, 193 B.R. 483, 488–89 (Bankr.N.D.Ill.1996) (granting motion to vacate under Rule 60(b)(4) "[a]lthough the Debtor did not act with the proper diligence in bringing this motion . . . .").

■ The Trustee asserts that the motion should be denied because King Marine failed to show "excusable neglect" for the five months it delayed in bringing this motion. King Marine received a telephone call on August 3, 2006 from the Trustee's attorney regarding the default judgment but King Marine did not bring this motion to vacate until January 19, 2007. This

argument must be rejected, however, because King Marine brought its motion to vacate under Rule 60(b)(4). Because a Rule 60(b)(4) motion to vacate a void judgment can be made at any time, King Marine need not show it acted with diligence or excusable neglect. Thus, King Marine did not delay in bringing its motion to vacate the default judgment.

## V.  CONCLUSION

For the foregoing reasons, the Court grants King Marine's motion to vacate the default judgment. The Trustee did not properly serve King Marine because King Marine had no actual notice of this adversary proceeding. Therefore, the Trustee's default judgment is void under Rule 60(b)(4). The Court denies the Trustee's request for King Marine to pay the Trustee's costs in responding to the motion to vacate. The Court grants the Trustee leave to issue an alias summons for service of process upon King Marine,

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052, A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.