NORBERT A. NOWAK, Appellant, v. BUFFALO ELECTRIC COMPANY, INC., Respondent, et al., Defendants.—

Memorandum: While it is now proper to strike the pleading of a party if he willfully fails to appear for examination pursuant to either an order or notice of examination (Civ. Prac. Act, § 299, as amd. by L. 1955, ch. 497, eff. Sept. 1, 1955), such remedy was not available under section 299 prior to said amendment, for failure to appear in response to a mere notice served, when no order for examination was obtained and no subpœna served; nor did the court have any inherent power to strike out a pleading in such a case. (*Levine* v. *Moskowitz,* 206 App. Div. 194; *Tebo* v. *Baker,* 77 N. Y. 33.) The order appealed from, having been granted prior to the effective date of the amendment of section 299, was unauthorized and should be reversed. All concur. (Appeal from an order of Erie Special Term denying plaintiff's motion to vacate a notice of examination before trial, and from an order granting defendant-appellant's motion to strike out the complaint and for judgment unless plaintiff submits to examination pursuant to notice.) Present — Vaughan, J. P., Kimball, Wheeler and Van Duser, JJ.

In the Matter of GEORGE GARRO et al., Petitioners, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— All concur. (Review of the action of the State Liquor Authority revoking the license of petitioners, which proceeding was transferred to the Appellate Division for determination by order of Onondaga Special Term.) Present — Vaughan, J. P., Kimball, Wheeler and Van Duser, JJ.

HELEN G. DALEY, Respondent, v. JOSEPH A. PALERMO, Appellant.— All concur. (Appeal from a judgment of Herkimer Trial Term for plaintiff in an automobile negligence action. The order denied a motion for a new trial.) Present — Vaughan, J. P., Kimball, Wheeler and Van Duser, JJ.