Edward M. O’Gorman, J.
The plaintiff, a former Deputy Sheriff of the County of Orange, has brought an action against the Sheriff, to recover money the plaintiff alleges he was wrongfully and illegally compelled to pay to the defendant following the discovery of an alleged shortage in the accounts of the office of the Under Sheriff of the County of Orange.
He has moved for a preference in the trial of his action, on the ground that there is pending an indictment for trial in the Orange County Court against the plaintiff involving the same moneys involved in this civil action. It is the contention of the plaintiff that under these circumstances he has the right to have the civil action, in which he is the plaintiff, tried before the trial of the indictment in which he is the defendant.
The Sheriff opposes the preference, and has cross-moved for an order striking out the complaint and dismissing the action because of the willful failure of the plaintiff to answer pertinent questions pursuant to a notice of examination before trial duly served upon him.
Plaintiff’s motion for a preference is denied.
With respect to the defendant’s motion, defendant relies on the recent case of Levine v. Bornstein (13 Misc 2d 161, affd. 7 A D 2d 995 [1959]) as requiring this court to dismiss the plaintiff’s complaint, based on the court’s inherent power. The plaintiff contends that the court has no such inherent power to dismiss the plaintiff’s complaint where the defendant has proceeded by notice of examination before trial and not by order of the court.
In Levine v. Bornstein (supra) the majority of the Appellate Division, Second Department, held that the court did have inherent power to enforce its orders in the manner requested here by the defendant. Levine v. Bornstein (supra), however, was not a case involving a notice of examination before trial.
While it is significant that section 299 of the Civil Practice Act has been amended to provide the same penalties for failure to obey a notice as for failure to obey an order, in the cases therein enumerated, the Legislature refrained from providing similar consequences where the party appeared for the examination but failed to testify.
In view of the holding in Nowak v. Buffalo Elec. Co. (286 App. Div. 987 [1955]) that the court had no inherent power to thus enforce a notice prior to the adoption of the amendment to sec *1003 tion 299 (L. 1955, eh. 497), and no such power having been conferred by the amendment itself, in a case in which the party has appeared for the examination but has refused to testify, I am constrained to hold that this court does not have the inherent power to enforce defendant’s notice of examination before trial by resorting to the drastic remedy of striking out plaintiff’s complaint.
I have examined the 22 questions which the plaintiff refused to answer on the ground that his answers might tend to incriminate him, and I find that they are material questions dealing with the essential allegations of plaintiff’s complaint.
In view of the fact that the Civil Practice Act does not give the court the power to grant the relief sought by the defendant, and inasmuch as the court has not inherent power to grant that relief, the motion must be denied.
The deposition may be read in evidence at the trial, and a civil jury may be permitted to draw inferences from plaintiff’s refusal to answer. If, beyond these consequences, the defendant seeks the application of other remedies, then the defendant should conduct his examination pursuant to order of the court or by subpoena, as provided by section 405 of the Civil Practice Act. The motion is denied. Submit order.