■ THOMAS H. HAZLETT, Respondent, v. GEORGE BULLIS, Individually and as Sheriff of Orange County, Appellant.— In an action against a Sheriff by his former deputy to recover moneys which it is alleged defendant wrongfully and illegally compelled plaintiff to pay to defendant, said defendant appeals from an order of the County Court, Orange County, dated August 2, 1960, which denied his motion to strike out plaintiff's complaint and to dismiss the action and for entry of judgment accordingly, by reason of plaintiff's willful refusal to answer questions put to him in the course of his examination before trial. Order reversed on the law, without costs, and matter remitted to the County Court, Orange County, for further proceedings not inconsistent herewith. The plaintiff appeared for an examination before trial conducted by defendant pursuant to a notice of examination, and not directed by court

order. At the hearing, plaintiff declined to answer material questions, asserting his constitutional privilege against self-incrimination. Thereupon defendant moved to strike out plaintiff's complaint and to dismiss the action because of plaintiff's refusal to answer. The learned County Judge denied the motion on the ground that the court had neither statutory nor inherent power to grant it. In our opinion, although the court had no statutory power to grant the relief which defendant applied for, it had inherent power to do so (cf. *Levine* v. *Bornstein,* 13 Misc 2d 161, affd. 7 A D 2d 995, affd. 6 N Y 2d 892). Whether or not the relief should be granted, however, and the conditions under which it should be granted, are questions which should be decided by the County Court, in the exercise of a sound discretion and on consideration of the interests of justice. Beldock, Ughetta and Christ, JJ., concur; Nolan, P. J., concurs in the result, with the following memorandum: Although I adhere to my views heretofore expressed that, under the circumstances here disclosed, the court has no statutory or inherent power to strike out plaintiff's complaint, I am constrained to concur by reason of our prior determination (*Levine* v. *Bornstein,* 7 A D 2d 995). Kleinfeld, J., concurs with Nolan, P. J. [25 Misc 2d 1001.]