OPINION OF THE COURT
Leon A. Beerman, J.
Plaintiff moves for an order striking the defendant’s third affirmative defense, alleging the failure of plaintiff to comply with section 50-h of the General Municipal Law which provides in pertinent part: “Wherever a notice of claim is filed against a city, county, town, village, fire district or school district the city, county, town, village, fire district or school district shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate and may include a physical examination of the claimant by a duly qualified physician. If the party to be examined desires, he or she is entitled to have such examination in the presence of his or her own personal physician and such relative or other person as he or she may elect. Exercise of the right to demand a physical examination of the claimant as provided in this section shall in no way affect the right of a city, county, town, village, fire district or school district in a subsequent action brought upon the claim to demand a physical examination of the plaintiff pursuant to statute or court rule” (§ 50-h, subd 1). “Where a demand for examination *57 has been served as provided in subdivision two of this section no action shall he commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter” (§ 50-h, subd 5).
At bar, the city contends that the complaint must be dismissed due to the fact that the action was commenced after a demand for examination was made and prior to the examination of plaintiff. Plaintiff contends that there has been no prejudice to the city and that a dismissal at this time would bar plaintiff’s action since it is now more than one year and 90 days from the date of the accident.
The moving papers indicate that plaintiff was injured on January 24, 1983, when her automobile was struck by a New York City police car, operated by defendant Heffernan. A timely notice of claim was filed on behalf of the plaintiff on February 1, 1983. Thereafter, by letter dated February 17, 1984, the defendant scheduled a statutory hearing pursuant to section 50-h of the General Municipal Law for August 9, 1983.
On March 18, 1983, after the hearing had been scheduled but prior to plaintiff’s appearance, the present action was commenced by service of a summons and complaint upon the City of New York. The city interposed an answer which included as an affirmative defense the plaintiff’s failure to comply with section 50-h of the General Municipal Law.
Subsequently, on November 30, 1983, a hearing was held pursuant to the demand, and on January 13, 1984, a physical examination of plaintiff was conducted by the city.
Based upon the foregoing facts it appears that the defendant city is attempting to use the statute not as a shield, as the Legislature intended, but as a sword to deprive an unsuspecting plaintiff of her day in court. When the General Municipal Law was amended and section 50-h added, the Memorandum of the Joint Legislative Committee on Municipal Tort Liability stated that the purpose of the provision was to enable the city “to make a prompt investigation of the circumstances of a claim * * * Complete investigation requires that the claimant, particularly where the accident was unwitnessed, be examined with the facts concerning his [her] claim.” (Legislative Memorandum, NY Legis Ann, 1958, p 193.)
The Committee indicated that the intent of the statute was similar in scope to that of section 50-e of the General Municipal Law; to provide an equitable balance “between a public corpora *58 tion’s reasonable need for prompt notification of claims against it and the injured party’s interest in just compensation.” (Camarella v East Irondequoit Cent. School Bd., 34 NY2d 139,143.)
Herein, the only prejudice alleged by the city is the passage of time. Yet, they cannot deny that they were notified of plaintiff’s claim and that they had ample opportunity to conduct an investigation.
Moreover, this is not the case where plaintiff sought to gain some tactical advantage by serving the summons and complaint prior to being examined. There were no demands for discovery nor for that matter was any action taken by plaintiff which prejudiced the defense of the action by the city on the merits.
Significantly, the demand for an examination does not toll or extend the one-year and 90-day Statute of Limitations, thus a dismissal of the complaint at this time would forever bar plaintiff’s cause of action. (See L 1960, ch 151; also Lowinger v City of New York, 64 AD2d 888; Joiner v City of New York, 26 AD2d 840.)
Although the court in Lowinger (supra, p 889) refused to permit the plaintiff to serve a summons and complaint prior to compliance with the city’s demand for examination that case is inapposite to the facts at bar. Therein, plaintiff adjourned the date of the examination and “ ‘inadvertently failed to re-schedule a new hearing date’ ” until after the Statute of Limitations had run. No examination was ever held and plaintiff sought leave of court to compel the city to hold the examination, or in the alternative, to serve the summons and complaint.
In the instant case, the city, although asserting an affirmative defense, proceeded in the action as though no affirmative defense had been pleaded.
The legislative intent of section 50-h was not violated by the commencement of the action prior to the hearing in the absence of actual prejudice to the city. The city conducted the scheduled examination and subsequently had the plaintiff examined by a physician.
At no time did the city take any affirmative action with respect to the status of the summons and complaint except assert its defense in the answer.
Jurisdiction over the subject matter had been obtained by means of the service of the summons and complaint although one condition precedent had not been met.
In Copeland v Salomon (56 NY2d 222, 227), the Court of Appeals stated: “We have previously noted the confusion that *59 arises because the word ‘jurisdiction’, which with respect to subject matter means the power of a court to adjudicate concerning a category of cases, is also inexactly used to refer to the situation in which the absence of a condition precedent requires dismissal of a particular case notwithstanding that the court has jurisdiction of the subject matter (Nuernberger v State of New York, 41 NY2d 111, 117; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166). Generally, though not necessarily, the condition is statutory in origin (Salesian Soc. v Village of Ellenville, 41 NY2d 521, 526 [notice of claim]; Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166, supra [notice of entry of judgment, against insured]). The omission of such a condition does not necessarily bar the claim entirely. If no time limit for compliance with the condition is established, or the established time limit is still open, or CPLR 205 operates because of the defectively commenced action to extend the time limit, the , omission can be supplied and the action or a new action replacing it will be decided on the merits (e.g., Carrick v Central Gen. Hosp., 51 NY2d 242; George v Mt. Sinai Hosp., 47 NY2d 170)” (emphasis supplied).
In the instant case the plaintiff supplied the required omission in appearing at the examinations and the action is to be decided on the merits.
This court will not exalt form over substance.
Accordingly, motion is granted and cross motion denied.