■ DAVID MILLER, Appellant, v UNITED PARCEL SERVICE, INC., Respondent.—In an action to recover damages for the termination of employment in violation of Executive Law § 296, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Donovan, J.), entered November 14, 1986, which denied his motion for a protective order, and (2) a judgment of the same court, entered April 17, 1987, which, upon an order of the same court entered April 13, 1987, granting the defendant's motion pursuant to CPLR 3126 (3), dismissed the complaint due to his failure to comply with a discovery order. The plaintiff's notice of appeal from the

order entered April 13, 1987 is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the appeal from the order entered November 14, 1986 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff's appeal from the order entered November 14, 1986, which denied his motion for a protective order with respect to an examination before trial, is dismissed, as no appeal as of right lies from an order determining an application to review rulings made at an examination before trial *(see, Crow-Crimmins-Wolff & Munier v County of Westchester,* 126 AD2d 696; *Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573), and the plaintiff failed to seek leave to appeal from this court. The right to appeal from the intermediate order entered April 13, 1987 terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff's motion for a protective order was properly denied. CPLR 3101 (a) has been liberally construed to permit a court to require disclosure of any facts bearing on the controversy which will assist in the preparation for trial. "The test is one of usefulness and reason" *(Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406; *see also, LoGatto v LoGatto,* 130 AD2d 556). Since the plaintiff alleged that he was discharged from his job because he was erroneously perceived as a drug user, the deposition questions posed by the defendant concerning his possible use or possession of drugs prior to his discharge were necessary for preparation of its defenses. Although the plaintiff had the right to invoke his Fifth Amendment privilege against self-incrimination during the taking of the deposition, he was not entitled to continue to maintain this action if the assertion of the privilege prevented the defendant from properly defending the lawsuit *(see, e.g., Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635; *Levine v Bornstein,* 13 Misc 2d 161, *affd* 7 AD2d 995, *affd* 6 NY2d 892; *cf., Steinbrecher v Wapnick,* 24 NY2d 354). Upon the plaintiff's continued refusal to answer the deposition questions, even after this court denied his motion for a stay of an order directing the examination to proceed, the Supreme Court properly granted the defendant's motion to dismiss the complaint pursuant to CPLR 3126 (3) *(see, e.g., Laverne v Incorpo-*

*rated Vil. of Laurel Hollow, supra; Levine v Bornstein, supra; cf., Zletz v Wetanson,* 67 NY2d 711).

In view of our determination, we find it unnecessary to reach the issue of whether the plaintiff's complaint states a cause of action under Executive Law § 296. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.