■ MAUDE WISMAN, Respondent, v CAROL A. TOMPKINS, Individually and as Executrix of the Estate of MARGARET

Young, Deceased, et al., Appellants. [636 NYS2d 72] —In an action, *inter alia*, to recover damages for fraud, the defendant Carol Ann Tompkins, individually and as executrix of the estate of Margaret Young, appeals, and John C. Sullivan separately appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated February 9, 1995, as denied their respective cross motions, *inter alia*, to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The Supreme Court properly denied the defendants' respective cross motions to dismiss the complaint based upon the 101-year old plaintiff's inability to participate in a pretrial deposition *(see,* CPLR 3126 [3]; *cf., Miller v United Parcel Serv.,* 143 AD2d 820). Under the circumstances of this case, the plaintiff's inability to participate in a pretrial deposition due to her ill health does not entitle the defendants to dismissal of her complaint. The record clearly reveals that the plaintiff's counsel sought to have the plaintiff deposed almost immediately after she brought this action. However, the defendants' ensuing motions delayed the plaintiff's deposition for more than one year. In that one year, the plaintiff became increasingly infirm and, as the result of a fall, was unable to participate in a pretrial deposition. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.