■ DEAN NASCA et al., Respondents, v TOWN OF BROOKHAVEN et al., Appellants. [781 NYS2d 137]—

In an action, inter alia, to recover damages for trespass and civil rights violations, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated November 17, 2003, as denied that branch of their motion which was for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-h.

Ordered that the order is modified, on the law, by adding a provision thereto directing a continuation of the hearing pursuant to General Municipal Law § 50-h and adding to the end of the first decretal paragraph the words "with leave to renew if either plaintiff continues to invoke his Fifth Amendment privilege against self-incrimination by refusing to answer any mate-

rial question"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The notice of claim provisions of the General Municipal Law were enacted to enable municipalities "to pass upon the merits of a claim before the initiation of litigation and thereby forestall unnecessary lawsuits" (*Alford v City of New York,* 115 AD2d 420, 421 [1985], *affd in part, dismissed in part,* 67 NY2d 1019 [1986], citing Fourth Report of the Joint Legislative Committee on Municipal Tort Liability, 42 NY Legis Docs 24 [1959]). The purpose of General Municipal Law § 50-h is to enable a municipality to make a prompt investigation of the circumstances of a claim by examining the claimant about the facts of the claim (*see Wallace v City of New York,* 126 Misc 2d 56, 57 [1984]).

The complaint alleges, inter alia, at least two separate instances of trespass upon the plaintiffs' premises located at Port Jefferson Station, New York. At the hearing pursuant to General Municipal Law § 50-h, the plaintiffs invoked their Fifth Amendment privilege against self-incrimination, and refused to answer several questions propounded by the defendants regarding the use and occupancy of the subject premises and whether the plaintiffs or other persons resided there.

"The privilege against self incrimination was intended to be used solely as a shield, and thus a plaintiff cannot use it as a sword to harass a defendant and to effectively thwart any attempt by defendant at a pretrial discovery proceeding to obtain information relevant to the cause of action alleged and possible defenses thereto" (*Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635, 638 [1966]; *see Miller v United Parcel Serv.,* 143 AD2d 820 [1988]; *Hazlett v Bullis,* 12 AD2d 784 [1961]). Although the plaintiffs have the right to invoke the Fifth Amendment privilege against self-incrimination, they cannot wield it as a sword (*see Laverne v Incorporated Vil. of Laurel Hollow, supra*) in that they are "not entitled to continue to maintain this action if the assertion of the privilege prevent[s] the defendant from properly defending the lawsuit" (*Miller v United Parcel Serv., supra* at 821).

Thus, the Supreme Court should have directed a continuation of the hearing pursuant to General Municipal Law § 50-h and denied that branch of the defendants' motion which was for summary judgment dismissing the complaint with leave to renew if either plaintiff continued to assert his Fifth Amendment privilege against self-incrimination (*see Tardibuono v County of Nassau,* 181 AD2d 879 [1992]), by refusing to answer any material question. Altman, J.P., Crane, Fisher and Lifson, JJ., concur.