**Samantha ALLAN, Plaintiff,**

v.

**THE CITY OF NEW YORK, the New York City Police Department, New York City Police Officer Edwin Nieves, New York City Police Officer John Doe, Defendants.**

**No. 03 Civ. 6255(RWS).**

United States District Court, S.D. New York.

Sept. 12, 2005.

---

Victor M. Brown, Brooklyn, NY, by: for Plaintiff, of counsel.

Honorable Michael A. Cardozo, Corporation Counsel of the City of New York New York, NY, By: Concepcion A. Montoya, for Defendants, of counsel.

## OPINION

SWEET, District Judge.

Defendants the City of New York (the "City"), the New York City Police Department ("NYPD"), New York City Police Officers Edwin Nieves ("Nieves") and John Doe have moved under Rule 56, Fed. R.Civ.P., to dismiss the complaint of plain-

tiff Samantha Allan ("Allan"). For the reasons set forth below, the motion is granted in part and denied in part. Furthermore, the Court, on its own initiative, dismisses the complaint as to Nieves for failure of service.

## Prior Proceedings

Allan filed her complaint on August 19, 2003 pursuant to 42 U.S.C. § 1983,[1] claiming, *inter alia*, that she was falsely arrested in violation of her constitutional rights under the First and Fourteenth Amendments and tortious interference with her business under the First Amendment.

The action was reassigned to this Court on April 26, 2004. Discovery proceeded, the pretrial order was submitted on December 13, 2004, and the instant motion was heard and marked fully submitted on April 27, 2005.

## The Facts

The facts are set forth in the City's Statement pursuant to Local Civil Rule 56.1. Allan has submitted no Local Civil Rule 56.1(b) Statement in opposition. However, she has submitted rather an affidavit of her counsel. For the purposes of this motion, the City has not contested Allan's version of the facts. The facts have been set forth as follows.

On February 15, 2003, Allan came to New York City from Boston to take photographs at an anti-war protest. At the protest, she shot some twenty rolls of film (approximately 672 photographs). At some point, she was arrested with a group of protesters, handcuffed, and put inside a police truck. She retained her camera and photographic equipment. While inside the van, she suffered an asthma attack. She was able to retrieve her asthma medication. Within ten minutes of the onset of her asthma attack, Allan states that an ambulance came to aid her. After refusing to go to the hospital, she was transferred to a bus, and taken to the precinct, where she was held overnight and released. She was able to take photographs while at the precinct. All of her personal property was returned to her.

According to Allan, she was advised at the protest that her actions were permitted. At some point during the protest, a Captain Martinez gave an order to Sergeant McGovern of the 7th Precinct to have police officers, including Nieves, each make five arrests. Allan was arrested and prosecuted by the District Attorney of New York upon a complaint filed by Nieves. The case against Allan was dismissed on July 9, 2003. The District Attorney conceding that there was insufficient evidence to prove Allan's guilt beyond a reasonable doubt.

Allan filed a notice of claim on April 25, 2003, claiming false arrest, denial of medical attention and damage to personal property by members of the NYPD, and malicious prosecution by the NYPD and the Manhattan District Attorney's Office. On June 20, 2003, Allan's examination for purposes of Section 50–h of the General Municipal Law[2] was scheduled. However, she requested that such examination be adjourned.

1. Section 1983 provides in pertinent part as follows:

   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.....

   42 U.S.C. § 1983.

2. Section 50–h provides in pertinent part that:

   [w]herever a notice of claim is filed against a city, county, town, village, fire district, ambulance district or school district the city, county, town, village, fire district, am-

After Allan requested the adjournment of the 50–h hearing, she filed the instant lawsuit on August 19, 2003. The 50–h hearing was held on August 20, 2003.

At the conclusion of discovery, after taking the deposition of Nieves, Allan narrowed her claims to: (1) violations of her rights under the First Amendment (including tortious interference with her business), (2) false arrest, and (3) malicious prosecution.

Allan has submitted an affidavit of service indicating service upon Nieves at One Police Plaza on or about August 22, 2003. The place of business of Nieves is at the local precinct, the 7th Precinct. No proof has been offered that Allan served Officer Nieves by mail. According to Allan, her process server was told at the 7th Precinct to make service on Nieves at One Police Plaza.

***Summary Judgment Standard***

Pursuant to Rule 56, summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *SCS Communications, Inc. v. Herrick Co., Inc.,* 360 F.3d 329, 338 (2d Cir.2004). The court will not try issues of fact on a motion for summary judgment, but, rather, will determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Summary judgment is appropriate where the moving party has shown that "little or no evidence may be found in support of the nonmoving party's case. When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship,* 22 F.3d 1219, 1223–24 (2d Cir.1994) (internal citations omitted). If, however, " 'as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper.' " *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.,* 391 F.3d 77, 83 (2d Cir.2004) (quoting *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir.1996)).

***The Complaint Against The NYPD Is Dismissed***

Allan has conceded that the NYPD is not a suable entity.

***The Complaint Against The City Is Dismissed***

At the outset, the City has noted that Allan never alleged municipal liability [3] either (1) in her complaint or (2) in her

---

bulance district or school district shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions unless the parties otherwise stipulate and may include a physical examination of the claimant by a duly qualified physician.

N.Y. General Municipal Law § 50–h(1).

**3.** In order to hold the City liable as a "person" within the meaning of 42 U.S.C. § 1983,

Allan must establish that the City was at fault for the injury she suffered, *see Oklahoma City v. Tuttle,* 471 U.S. 808, 810, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), in that the violation of her constitutional rights resulted from a municipal policy, custom or practice. *See Monell,* 436 U.S. at 694, 98 S.Ct. 2018; *Vann v. City of New York,* 72 F.3d 1040, 1049 (2d Cir.1995). A plaintiff may satisfy the "policy, custom or practice" requirement in one of

claims listed in the parties' joint pretrial order, and, thus, municipal liability should not attach to the City on this basis alone.

However, Allan has argued in her opposition to the City's motion that municipal liability exists based on the order of Captain Martinez for police officers to "make five arrests" and since all of these arrests were made without probable cause, then such "policy" is unconstitutional. To support her premise that each arrest was made without probable cause, Allan relies on Nieves' deposition testimony in which he testified that he could not recall what Allan was doing at the time of her arrest.

However, Allan has failed to establish that any orders given by Captain Martinez constitute the policy of the City because Captain Martinez is not a "policymaker" for purposes of municipal liability. *See Anthony v. City of New York*, 339 F.3d 129, 134 (2d Cir.2003) (holding that a police sergeant is not a final decision maker when exercising discretion in a particular situation). Here, Captain Martinez, a ranked position police officer, made the probable cause determination to arrest and that probable cause determination is discretionary. More important, even assuming, *arguendo*, that Captain Martinez's order constituted policy, Allan has not

proffered evidence that the other arrests at the protest were made without probable cause.

Moreover, according to the deposition testimony of Nieves (as characterized by the City), there was probable cause, Allan being among the group of people who refused to disperse after orders to do so were given by the police. However, the City's motion for summary judgment does not raise the issue of whether or not probable cause existed for Allan's arrest and prosecution because, even assuming there was no probable cause for the arrest of Allan, there is no evidence that a policy of the City was the motivating factor in the illegal arrest. Standing alone, the deposition of Nieves does not establish *Monell* liability because a single event does not rise to a policy or practice necessary for purposes of municipal liability. *See Sorlucco v. New York City Police Dept.*, 971 F.2d 864, 870 (2d Cir.1992) (stating that "[a] municipal agency may not be held liable under § 1983 simply for the isolated unconstitutional acts of its employees").

In order for municipal liability to attach on a training and supervision theory of liability, Allan must prove deliberate indifference on the part of the municipality.

---

four ways. *See Moray v. City of Yonkers*, 924 F.Supp. 8, 12 (S.D.N.Y.1996). The plaintiff may allege the existence of (1) a formal policy officially endorsed by the municipality, *see Monell*, 436 U.S. at 690, 98 S.Ct. 2018; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question, *see Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion); *Walker v. City of New York*, 974 F.2d 293, 296 (2d Cir.1992); (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials, *see Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018; or (4) a failure by policymakers to train or supervise subordinates to such an extent that it amounts to

deliberate indifference to the rights of those who come into contact with the municipal employees. *See City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). There must also be a causal link between the policy, custom or practice and the alleged injury in order to find liability against a municipality. *See Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983). "Actions by an individual with final decision-making authority in a municipality constitute official policy for purposes of a § 1983 claim." *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir.2003) (citing *Pembaur*, 475 U.S. at 483–84, 106 S.Ct. 1292). "The individual must 'be responsible for establishing final government policy' in order for municipal liability to attach." *Id.*

*See Board of County Comm'rs v. Brown,* 520 U.S. 397, 410, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (stating that "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action ... has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was not simply negligent, but was taken with 'deliberate indifference' as to its known or obvious consequences") (quoting *City of Canton,* 489 U.S. at 388, 109 S.Ct. 1197).

Allan has also contended that the City was deliberately indifferent by denying her medical treatment. However, in her deposition she stated that she, in fact, received medical treatment and this claim is not set forth in the parties' joint pretrial order.

For these reasons, Allan has failed to state or establish a claim for municipal liability against the City.

### The Complaint Against Nieves Is Dismissed

■ Service of process upon individuals in federal actions is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e)(1) provides that an individual may be served pursuant to the law of the forum state. In New York, service of process upon a natural person is governed by Section 308 of the New York Civil Practice Law and Rules (hereinafter "CPLR"), which provides in pertinent part:

> Personal service upon a natural person shall be made ... by delivering the summons within the state to a person of suitable age and discretion at the actual place of business ... of the person to be served and by ... mailing the summons

by first class mail to the person to be served at his or her actual place of business ... such delivery and mailing to be effected within twenty days of each other ...

N.Y. C.P.L.R. § 308(2).

As previously stated by this Court, *see Bennerson v. City of New York,* No. 03 Civ. 10182(RWS), 2004 WL 902166, *5 (S.D.N.Y. Apr.28, 2004), pursuant to Rule 4(m),[4] Fed.R.Civ.P., a court may, *sua sponte,* dismiss a complaint for failure to serve process, provided that the plaintiff is given notice of the possibility that the complaint can or will be dismissed on that ground. Fed.R.Civ.P. 4(m); *see also Thompson v. Maldonado,* 309 F.3d 107, 110 (2d Cir.2002) ("As indicated in the plain language of Rule 4(m), notice to the plaintiff must be given prior to a sua sponte dismissal."). In order to avoid such dismissal, a plaintiff must show good cause why service could not be accomplished. *See* Fed.R.Civ.P. 4(m).

Here the docket sheet contains no proof that any individual defendant was served. At the deposition of Nieves on June 15, 2004, defense counsel reminded Allan that Nieves had not been served with process and that Nieves' attendance at his deposition was neither an appearance nor a waiver of any of his rights regarding service. To date, Nieves has not been served in accordance with the requirements of Section 308.

Based on the arguments raised by the City, Allan had notice that dismissal of the action as to Nieves was contemplated. Indeed, the issue of whether service of

---

**4.** Rule 4(m) provides in pertinent part:
[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defen-

dant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
Fed.R.Civ.P. 4(m).

Nieves was adequate was fully briefed. For this reason, the complaint is dismissed without prejudice as to Nieves.

It should be noted that pursuant to 42 U.S.C. § 1988, the statute of limitations for civil rights actions commenced in New York under Section 1983 is the residual personal injury statute of N.Y. C.P.L.R. § 214(5), which provides that actions must be commenced within three years. *Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir. 1997). The statute of limitations accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir. 1980)).

### The City's Motion To Dismiss The State Law Claims Is Denied

■ The City has argued that Allan failed to follow the above-described conditions precedent to suit under the New York General Municipal Law. The City argues that dismissal of her claims is therefore warranted pursuant to Section 50–h(5), which provides in pertinent part as follows:

> Where a demand for examination has been served as provided in subdivision two of this section no action shall be commenced against the city, county, town, village, fire district or school district against which the claim is made unless the claimant has duly complied with such demand for examination, which compliance shall be in addition to the requirements of section fifty-e of this chapter. If such examination is not conducted within ninety days of service of the demand, the claimant may commence the action. The action, however, may not be commenced until compliance with the demand for examination if the claimant fails to appear at the hearing or requests an adjournment or postponement beyond the ninety day period. If the claimant requests an adjournment or postponement beyond the ninety day period, the city, county, town, village, fire district or school district shall reschedule the hearing for the earliest possible date available.

N.Y. General Municipal Law § 50–h(5).

Allan's actions violate the requisite statutory conditions and, thus, her state claims are subject to dismissal.

Allan has argued that the scheduling of the § 50–h hearing was the City's prerogative and thus she should not be penalized for her request to adjourn the conference since her examination took place on the day following the filing of the action. However, GML § 50–h(5) forbids a plaintiff from filing an action prior to being examined in a § 50–h hearing, if the plaintiff adjourns the scheduled § 50–h hearing date. While the City schedules hearing dates, it was Allan's obligation to wait until the hearing was held before filing her lawsuit.

However, there is authority to support the proposition that an action should not be dismissed on the ground that it was commenced after a demand for examination was made and prior to the actual examination, "if the plaintiff had not sought to gain a tactical advantage by commencing the action prior to being examined, the defendant was not prejudiced, was notified of the claim, and had ample time to investigate it, and the dismissal of the complaint would result in the action being time barred." 62A William H. Danne, Jr. & Charles J. Nagy, Jr., *NY Jur.2d, Government Tort Liability* § 459 (2005) (citing *Wallace v. City of New York,* 126 Misc.2d 56, 480 N.Y.S.2d 989 (N.Y.Sup.Ct.1984)).

Section 50–i of the General Municipal Law provides that tort claims against a municipal corporation must be commenced no later than a year and 90 days after the event on which the claim is based. Since

more than two years have past since the event on which Allan's claim is based, dismissal of the complaint will result in the action against the City being time barred. Since the City has failed to demonstrate that the other factors identified by the *Wallace* court warrant dismissal of Allan's state law claims, the City's motion to dismiss the State law claims is denied.

### Conclusion

The motion of the City for summary judgment is granted in part. Furthermore, upon the Court's initiative, the complaint is dismissed as to Nieves for failure of service. Leave is granted to Allan to effect service on Nieves within thirty (30) days of entry of this opinion.

It is so ordered.