Colon v Martin (2019 NY Slip Op 02312)





Colon v Martin


2019 NY Slip Op 02312


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-10392
 (Index No. 101093/15)

[*1]Wilfredo Colon, et al., appellants, 
v
Willie Martin, Jr., et al., respondents.


Terilli & Tintle, PLLC (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum], of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York, NY (Susan P. Greenberg and Jeremy W. Shweder of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated August 1, 2016. The order, insofar as appealed from, granted the defendants' cross motion for summary judgment dismissing the complaint for failure to comply with General Municipal Law § 50-h.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises from a motor vehicle accident that occurred on the Staten Island Expressway, in Richmond County, on January 14, 2015. The plaintiff Wilfredo Colon was operating a vehicle in which the plaintiff Ramona Cordero was a passenger, when that vehicle was allegedly struck in the rear by a vehicle operated by the defendant Willie Martin, Jr., and owned by the defendants New York City Department of Environmental Protection and the City of New York.
On February 12, 2015, the plaintiffs filed a notice of claim against the defendants. On March 23, 2015, the defendants sent the plaintiffs' counsel two notices, one as to each plaintiff, advising that each plaintiff was "mandated by law" to appear and be orally examined under oath at hearings pursuant to General Municipal Law § 50-h (hereinafter the 50-h hearings).
On June 25, 2015, the plaintiffs appeared for the 50-h hearings. The plaintiffs' counsel would not proceed unless each plaintiff was permitted to be present while the other testified. The defendants' counsel indicated that it was the defendants' policy to conduct individual hearings for each claimant. The defendants' counsel added that 50-h hearings were conditions precedent to a lawsuit and the defendants were "not waiving any right to any hearing." The plaintiffs' counsel countered that each plaintiff had "the absolute right" to sit in on the other's testimony. The plaintiffs' counsel asserted that the plaintiffs were "ready, willing and able" to proceed and that they were not "refusing to proceed." The plaintiffs' counsel added, "we just want the hearing held with both [plaintiffs] in the room and the City is refusing to do so." It is undisputed that the 50-h hearings were not conducted.
Nevertheless, on or about August 25, 2015, the plaintiffs commenced the instant action. In the complaint, the plaintiffs alleged that the defendants "constructively waived" the 50-h hearings. Thereafter, as relevant herein, the defendants cross-moved for summary judgment dismissing the complaint on the ground that the plaintiffs failed to comply with the 50-hearing requirement. The Supreme Court, inter alia, granted the defendants' cross motion.
The purpose of General Municipal Law § 50-h is to enable a municipality to make a prompt investigation of the circumstances of a claim by examining the claimant about the facts of the claim (see Nasca v Town of Brookhaven, 10 AD3d 415, 416). The oral examination of a claimant pursuant to General Municipal Law § 50-h serves to supplement the notice of claim and provides an investigatory tool to the municipality, with a view toward settlement (see Di Pompo v City of Beacon Police Dept., 153 AD3d 597, 598; Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d 481, 487, affd 69 NY2d 787). "Compliance with a demand for a General Municipal Law § 50-h examination is a condition precedent to the commencement of an action against a municipal defendant, and the failure to so comply warrants dismissal of the action" (Ross v County of Suffolk, 84 AD3d 775, 775-776; see General Municipal Law § 50-h[5]). "A party who has failed to comply with a demand for examination pursuant to General Municipal Law § 50-h is precluded from commencing an action against a municipality" (Bernoudy v County of Westchester, 40 AD3d 896, 897; see Palmieri v Town of Babylon, 139 AD3d 925, 926; Boone v City of New York, 92 AD3d 709, 710; Ross v County of Suffolk, 84 AD3d at 775-776).
Here, as determined by the Supreme Court, the plaintiffs' noncompliance with General Municipal Law § 50-h warranted dismissal of the complaint (see Palmieri v Town of Babylon, 139 AD3d at 926; Boone v City of of New York, 92 AD3d at 710; Ross v County of Suffolk, 84 AD3d at 776; Kemp v County of Suffolk, 61 AD3d 937, 938).
" [A] court cannot amend a statute by inserting words that are not there, nor will a court read into a statute a provision which the Legislature did not see fit to enact'" (Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 394, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 363 at 525; see also McKinney's Cons Laws of NY, Book 1, Statutes § 94 at 190). Moreover, "[i]n the construction of statutes, each word or phrase in the enactment must be given its appropriate meaning" (McKinney's Cons Laws of NY, Book 1, Statutes § 230 at 387). General Municipal Law § 50-h(1), which is in derogation of the common law, is to be strictly construed (see McKinney's Cons Laws of NY, Book 1, Statutes § 301; Sandak v Tuxedo Union School Dist. No. 3, 308 NY 226, 230; Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d at 486-487). In strictly construing a statute, courts "will not go beyond the clearly expressed provisions of the act" (Berger v City of New York, 260 App Div 402, 404, affd 285 NY 723 [internal quotation marks omitted]).
Contrary to the plaintiffs' contention, upon applying a strict construction to the language of General Municipal Law § 50-h, the statute does not expressly permit nor give the absolute right to a claimant involved in the same alleged incident to be present at or to observe another claimant's oral examination. General Municipal Law § 50-h(1), provides, in relevant part, that the City "shall have the right to demand an examination of the claimant relative to the occurrence and extent of the injuries or damages for which claim is made, which examination shall be upon oral questions . . . and may include a physical examination of the claimant by a duly qualified physician." Immediately thereafter, this provision states, "[i]f the party to be examined desires, he or she is entitled to have such examination in the presence of his or her own personal physician and such relative or other person as he or she may elect." Given the manner in which the Legislature phrased the statute, the reference to "personal physician and such relative or other person as he or she may elect" pertains to a physical examination. We therefore disagree with our dissenting colleagues' analysis and conclusion that the phrase, "personal physician and such relative or other person as he or she may elect," applies in the context of an examination upon oral questions.
We also differ with our dissenting colleagues' determination that the defendants, in effect, constructively waived the 50-h hearings. "A waiver is the voluntary abandonment or relinquishment of a known right" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 [*2]NY2d 442, 446). The record does not demonstrate any waiver on the part of the defendants. Instead, the record shows that the plaintiffs refused to proceed with the 50-h hearings unless each was "in the room" while the other was testifying. The attorney for the defendants unequivocally stated that the defendants were "not waiving any right to any hearing."
Moreover, as recognized by our dissenting colleagues, CPLR provisions, including CPLR article 31 discovery rules, do not apply to the pre-commencement 50-h hearings at issue. Thus, the CPLR provisions relating to the conduct of depositions (cf. CPLR 3113) or trials are inapplicable.
Our dissenting colleagues assert that the defendants' argument that a sworn claimant will "tailor his or her testimony" to mirror the other claimant's testimony was not supported by the evidence, was based on conjecture, and was speculative. On this record, we will not find that the defendants' request for sequestration was based on pure conjecture, surmise, or speculation. As a practical matter, the rationale for the exclusion of a witness while another witness testifies is based upon an intrinsic, fundamental concept: human nature. On this point, we note that the exclusion or sequestration of witnesses is not a novel concept. It may date as far back as the 6th Century B.C. (see Daniel 13:1-65). "The process of sequestration consists merely in preventing one prospective witness from being taught by hearing another's testimony. . . . If the hearing of an opposing witness were permitted, the listening witness could thus ascertain the precise points of difference between their testimonies, and could shape his [or her] own testimony to better advantage for his [or her] cause" (6 John Henry Wigmore, Evidence § 1838 at 461 [James H. Chadbourn rev 1976]). If a witness hears the testimony of others before he or she takes the stand, it is much easier for the witness to deliberately tailor his or her own story to that of other witnesses. Witnesses may also be influenced subconsciously (see 1 McCormick On Evid. § 50 [7th ed.]).
The plaintiffs' remaining contention is without merit.
Accordingly, in light of the plaintiffs' failure to comply with General Municipal Law § 50-h, they were precluded from commencing the instant action, and thus, we agree with the Supreme Court's granting of the defendants' cross motion for summary judgment dismissing the complaint.
RIVERA, J.P., DILLON, and ROMAN, JJ., concur.
DUFFY, J., dissents, and votes to reverse the order insofar as appealed from, on the law, and deny the defendants' cross motion for summary judgment dismissing the complaint, with the following memorandum, in which CONNOLLY, J., concurs:
In this case, the plaintiffs timely appeared at the office of the defendants' counsel for scheduled General Municipal Law § 50-h hearings. The plaintiffs' separate hearings were set to occur one after the other. Nonetheless, counsel for the defendants refused to proceed with either examination while both plaintiffs remained present during the examinations; the defendants' counsel contended that New York City's internal policy required him to conduct individual hearings without the other plaintiff present and that General Municipal Law § 50-h authorized the City to impose this requirement. Counsel for the plaintiffs disputed the defendants' contention that General Municipal Law § 50-h authorized the defendants to exclude certain individuals from the examination, contending that, in effect, since the plaintiffs were ready to proceed with the hearings, the defendants had waived this condition precedent to the commencement of an action. Thereafter, the Supreme Court granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiffs failed to comply with General Municipal Law § 50-h, which is a condition precedent to commencing the action.
When interpreting a statute, courts should attempt to effectuate the intent of the Legislature (see Yatauro v Mangano, 17 NY3d 420, 426; Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself" (Majewski v [*3]Broadalbin-Perth Cent. School Dist., 91 NY2d at 583; see Yatauro v Mangano, 17 NY3d at 426). All parts of a statute must be read and construed together (see People v Mobil Oil Corp., 48 NY2d 192, 199; Matter of Notre Dame Leasing v Rosario, 308 AD2d 164, 171, affd 2 NY3d 459; McKinney's Cons Laws of NY, Book 1, Statutes § 97). To this end, " [e]very part of a statute must be given meaning and effect . . . and the various parts of a statute must be construed so as to harmonize with one another'" (Matter of Notre Dame Leasing v Rosario, 308 AD2d at 171-172, quoting Heard v Cuomo, 80 NY2d 684, 689) and interpreted as they are written "according to the ordinary meaning of their language" (Riegert Apts. Corp. v Planning Bd. of Town of Clarkstown, 57 NY2d 206, 209).
Here, a plain reading of General Municipal Law § 50-h establishes that it does not contain a provision authorizing the defendants to exclude individuals from the 50-h examination. Specifically, General Municipal Law § 50-h provides, in pertinent part:
"1. Whenever a notice of claim is filed against a city . . . [it] shall have the right to demand an examination of the claimant . . . which examination shall be upon oral questions . . . and may include a physical examination of the claimant by a duly qualified physician. If the party to be examined desires, he or she is entitled to have such examination in the presence of his or her own personal physician and such relative or other person as he or she may elect.
. . .
"3. In any examination . . . the claimant shall have the right to be represented by counsel. The examination shall be conducted upon oath or affirmation. . . . The testimony so taken, together with the report of the examining physician where a physical examination is required, shall constitute the record of the examination" (emphasis added).
Although the notice of claim provisions of the General Municipal Law were enacted to enable municipalities to pass upon the merits of a claim before the initiation of litigation in order to forestall unnecessary lawsuits (see Nasca v Town of Brookhaven, 10 AD3d 415, 416), and to make a prompt investigation of the circumstances of a claim by examining the claimant about the facts of the claim (see id. at 416), the provisions of General Municipal Law § 50-h have been and should be strictly construed so as to limit the City's authority to the statute's express terms (see Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d 481, 486-487, affd 69 NY2d 787; see also Zash v County of Nassau, 171 AD2d 743, 743). For example, in Alouette Fashions v Consolidated Edison Co. of N.Y. (119 AD2d at 486-487), the Appellate Division, First Department, held that the municipal defendants' broad and extensive requests for documentation included in the demands for examination of the claimants were improper. Specifically, the Court found that General Municipal Law § 50-h, which provides that such "examination shall be upon oral questions unless the parties otherwise stipulate and may include a physical examination of the claimant," limits disclosure (see Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d at 486). The Court further noted that General Municipal Law § 50-h has been strictly construed to disallow to municipal defendants the type of broad discovery permitted by the discovery provisions of the CPLR, noting that those CPLR provisions do not pertain to pre-action proceedings (see Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d at 487). Indeed, inasmuch as the 50-h examination requirements are " in derogation of [a] plaintiff's common-law rights,' the statute creating such a requirement should be strictly construed in the plaintiff's favor" (Goodwin v Pretorius, 105 AD3d 207, 216, quoting Sandak v Tuxedo Union School Dist. No. 3, 308 NY 226, 230; see generally Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d at 487).
Although we agree with our colleagues in the majority that principles of strict construction should be applied to ascertain whether General Municipal Law § 50-h permits a [*4]defendant to exclude a co-claimant from a claimant's 50-h hearings, our colleagues in the majority construe the statute in favor of the municipal defendants rather than the plaintiff and ascribe a meaning to the word "examination" in the statute which is not supported by the text of the statute. The plain language of General Municipal Law § 50-h refers to one examination of the plaintiff by the defendant and permits the plaintiff the option of choosing who is present at this examination, not the defendant. Specifically, the statute expressly provides that a claimant has a right to be represented by counsel (see General Municipal Law § 50-h[3]). The statute also provides that a claimant can have "such examination" in the presence of "such relative or other person as he or she may elect" (General Municipal Law § 50-h[1]). Although our colleagues in the majority contend that this language pertains only to the physical examination that is permitted by the statute, the statute does not delineate between different types of exams. Instead, the statute speaks about the defendants' entitlement to conduct "an examination," and provides that such examination may include a physical examination. Indeed, the express language of the statute dictates the conclusion that the physical examination it refers to is simply one part of the overall examination. The statute provides that the "testimony so taken, together with the report of the examining physician where a physical examination is required, shall constitute the record of the examination" (General Municipal Law § 50-h[3]). Moreover, in their discussion of the application of strict construction to the language of General Municipal Law § 50-h, our colleagues in the majority focus on the plaintiffs' contentions about the statute but do not address the defendants' contention that General Municipal Law § 50-h authorized the City to impose an internal policy of New York City to conduct individual hearings without the other person present. The statute neither expressly permits nor authorizes that which the defendants contend. Since the statute expressly specifies that other persons, of the claimant's choosing, can be present at "such examination," the de facto adoption by our colleagues in the majority of the defendants' position that General Municipal Law § 50-h authorizes the defendants to exclude one claimant from the examination of another claimant ignores the statute's plain language and the precept that construction of the statute should be strictly construed in the plaintiff's favor (see Sandak v Tuxedo Union School Dist. No. 3, 308 NY at 230; Goodwin v Pretorius, 105 AD3d at 216) and not be given a "strained interpretation" (Zash v County of Nassau, 171 AD2d at 743).
The defendants' contention that the purposes of General Municipal Law § 50-h would be undermined if this Court were to find that the statute does not authorize the City to exclude one claimant from another claimant's 50-h examination is speculative. As an initial matter, if the Legislature had intended the statute to authorize a defendant to exclude a co-claimant from the 50-h examination of a claimant, it could have clearly and explicitly created such a provision when it enacted the statute (see e.g. Sandak v Tuxedo Union School Dist. No. 3, 308 NY at 230).
Second, the defendants' conjecture that, if allowed to be present at the examination of a fellow claimant, a sworn claimant would tailor his or her testimony to mirror the other claimant's testimony, is unsupported. No evidence has been submitted to validate this surmise. Despite the commentary of our colleagues in the majority that tailoring testimony is simply part of human nature, there are cases wherein this Court has decided appeals pertaining to 50-h issues in which, as a matter of course, co-claimants in those cases were present at each other's 50-h examination (see e.g. Nasca v Town of Brookhaven, 10 AD3d at 416; Rupp v City of Port Jervis, 10 AD3d 391, 393). No concerns about tailored testimony appear in our decisions in those cases. Indeed, the defendants cite to nothing in the legislative history of General Municipal Law § 50-h that would support the defendants' conjecture that the statute—which the New York State Legislature enacted to allow municipalities to investigate and evaluate claims to avoid litigation (see Nasca v Town of Brookhaven, 10 AD3d at 416; Alouette Fashions v Consolidated Edison Co. of N.Y., 119 AD2d at 487)—also is intended to prevent potential dishonesty of a claimant at a 50-h examination. Since the legislative history of General Municipal Law § 50-h does not expressly address this issue one way or another, the discovery rules adopted by the Legislature as set forth in the CPLR are instructive as to legislative intent. Notwithstanding the inapplicability of the CPLR discovery rules at the General Municipal Law § 50-h pre-action phase of the proceeding, it is significant to note that the CPLR contains no prohibition disallowing co-plaintiffs from appearing at depositions or at the trial testimony of each other during the action (see e.g. CPLR 3113; Carlisle v County of Nassau, 64 AD2d 15, 18).
Accordingly, contrary to the determination of our colleagues in the majority, we find that neither the plain language of General Municipal Law § 50-h nor the legislative intent of that statute authorizes the defendants to exclude one claimant from the 50-h examination of his or her co-claimant.
Although compliance with a demand for an examination pursuant to General Municipal Law § 50-h is a condition precedent to the commencement of an action against a municipal defendant (see General Municipal Law § 50-h[5]; Palmieri v Town of Babylon, 139 AD3d 925, 926; Ross v County of Suffolk, 84 AD3d 775, 775-776), here, the defendants' refusal to commence the examinations of either plaintiff while the other was present, in effect, constituted a constructive waiver of the right to the examination (see generally Ambroziak v County of Erie, 177 AD2d 974, 974).
Accordingly, the Supreme Court erred in granting the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiffs had not complied with the General Municipal Law § 50-h condition precedent to commencing the action.
ENTER:
Aprilanne Agostino
Clerk of the Court